## No. 11,371.

## IN RE ARAKAWA.

Decided October 19, 1925.   Rehearing denied November 10, 1925.

On motion to discharge writ of habeas corpus.

*Motion Sustained.*

1. COURTS—*Appellate.* It is not within the ordinary and proper realm of courts of review to assume the duties of, and act in the capacity of trial courts.

2. HABEAS CORPUS—*Courts—Jurisdiction.* District courts have original jurisdiction in habeas corpus proceedings.

3. *Writ of Error.* The Supreme Court may assume original jurisdiction in habeas corpus cases, but the writ in such a case may not be used as a writ of error.

4. SUPREME COURT—*Original Proceedings.* The Supreme Court will not exercise original jurisdiction in cases involving questions which may be properly determined, and the rights of the parties protected, in the lower court.

*Original Proceeding.*

Messrs. ALLEN, WEBSTER & DRATH for petitioner.

Mr. DONALD MCCREERY, Mr. HUBERT D. WALDO, Jr., Mr. J. PAUL HILL, for respondent.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

AN original writ of habeas corpus, directed to the sheriff of Weld county and as acting jailer thereof, was issued out of this court upon behalf of petitioner and upon his ex parte application. The petitioner alleged the existence of matters of such gravity and importance, as well as his inability to obtain relief elsewhere, that we ordered the issuance of the writ, upon petitioner's giving bond, pending further consideration by this court. The respondent sheriff answered and obeyed the writ, and has moved that it be discharged.

Petitioner's chief allegation was lack of jurisdiction in the district court of Weld county. He was incarcerated in the common jail there, by the respondent as such sheriff and acting jailer under an attachment issued out of that court, in default of a bond required of him for his appearance to show cause why he should not be punished for contempt. The contempt that he was there charged with committing consisted of an alleged disobedience to a preliminary injunction order of that trial court, in a case then and now there pending and to which he was and is a party, entitled: "The Co-Operative Farmers' Exchange, Inc. v. J. Honda, et al." The preliminary injunction was for the purpose of restraining him and other defendants from violating the provisions of a contract alleged to have been made by him and such other defendants, in whole or in part under the provisions of chapter 142, Session Laws 1923, known as "The Co-Operative Marketing Act." Petitioner claims a breach of contract upon plaintiff's part, excusing him from performance.

We do not pass upon the merits of that case nor upon any phase of it. This opinion relates only to questions concerning the exercise of original jurisdiction by the Supreme Court in habeas corpus proceedings.

Many of the grounds alleged in support of the application for the writ were based upon objections to the provisions of the Co-Operative Marketing Act (c. 142, L. 1923), and a contract said to have been made thereunder subsequent to the date when it went into effect. When the

application for the writ of habeas corpus was made to
this court, the act had not been construed by us, and
we thought best to give the petitioner the benefit of any
doubt as to its validity, when his personal liberty was in-
volved, coupled with his assertion that he would be kept
in jail during the season for the marketing of perishable
crops that he had raised, or else be required to give what
he claimed to be excessive bail for his appearance at the
next term of the district court, then some three months·
distant. These and other serious allegations, and particu-
larly his claim that it was impossible for him to obtain
any relief in the district court and that it was without
jurisdiction, made it seem to us to be a matter of such
gravity and importance as to warrant us in granting the
writ ex parte. If it had not so appeared, we should not
have ordered the issuance of the writ, but it is now mani-
fest that the petitioner was wrong. Since we ordered the
writ, the validity of the Co-Operative Marketing Act has
been sustained by an opinion of this court en banc, written
by Mr. Justice Denison, and rendered on the same day
that this case is decided. *Rifle Potato Growers Association
v. Smith*, 78 Colo. 171, 240 Pac. 937. Many of the con-
tentions in the instant case are similar to those disposed
of in that proceeding. If not so disposed of, petitioner
can litigate them in the case now pending, brought by the
Co-Operative Farmers' Exchange, Inc., wherein the peti-
tioner is a party and wherein the district court of Weld
county has complete jurisdiction, both over the person
of the defendant, the petitioner here, as well as over the
subject of the action.

It is now apparent that petitioner was not justified
in coming to this court for relief during the middle of the
case pending in the district court and before its final
determination, nor in making an application for an original
writ, which amounted to a request that we should act in
the triple capacity of trial and appellate judges as well
as jurymen, if this is a jury case, nor in asking us to de-
cide the matter before evidence was taken in the court

below, nor in asking us to pass upon the questions involved at all on habeas corpus. This is not within the ordinary and proper realm of a court of review. Petitioner was not denied bail. If he regarded the amount of the bond required as excessive, he did not ask the trial court to reduce it. He was not restrained, as he supposes, by a temporary restraining order without notice or emergency bond, at least when he first appeared in this court, and upon the showing here made. He was restrained by the temporary writ of injunction. He had notice thereof, and when it was granted, upon plaintiff's undertaking on the temporary injunction being filed and approved, the temporary restraining order became functus officio, whatever its previous status may have been, and the temporary injunction thereupon became effective. The defendant (the petitioner here) appeared in the court below and moved to dismiss the temporary injunction, which was denied. He did not there nor in this court except to the sufficiency of the bond furnished by plaintiff in that case on the temporary injunction. In fact, the petitioner did not on his application for the writ in this court seek any relief of any kind that he should not have first sought in the trial court.

District courts have original jurisdiction in habeas corpus proceedings. Compiled Laws, 1921, §§ 6486, 6487, et seq. The Supreme Court may assume original jurisdiction, but we have frequently held that a writ of habeas corpus cannot be made use of as a writ of error. *People ex rel. Burchinell v. District Court,* 22 Colo. 422, 45 Pac. 402; *In re Popejoy,* 26 Colo. 32, 36, 55 Pac. 1083; *Martin v. District Court,* 37 Colo. 110, 118, 86 Pac. 82, 119 Am. St. Rep. 262; *In re Stidger,* 37 Colo. 407, 86 Pac. 219.

We shall place no handicap upon the free exercise of petitioner's rights in the action now pending in the trial court, nor tie the hands of that court in the midst of its labors and before a final decision by anticipating or attempting to pass upon what it may or may not do. The petitioner can have the case reviewed here later if it should come before us hereafter in the regular way on

writ of error. That is the way he should come to this court, if at all, and not upon application for a writ of habeas corpus. Nothing here said is intended to prejudge the rights of the parties in the trial court in any way. We are only disposing of the habeas corpus matter in this court.

The motion of the respondent sheriff to discharge the writ might have been granted by us without an opinion, but we have expressed our views in the hope of clarifying a matter of practice, and to prevent futile original applications here that should originate in the trial courts. This is said without in any sense intending to reflect upon counsel here, all of whom have acted with perfect good faith, nor upon any others that may have been in doubt as to the procedure to be followed, but this court will not exercise original jurisdiction if the question may be properly determined and the rights of the petitioner fully protected and enforced in the lower court. *In re Rainbolt,* 64 Colo. 581, 582, 172 Pac. 1068.

For the above reasons, the writ is discharged with directions that the petitioner, J. Arakawa be remanded to the custody of the respondent as sheriff of Weld county and as jailer thereof, with permission to the petitioner to make such application and to take such further proceedings in the district court of Weld county as he may be advised, in the case there pending.

MR. JUSTICE SHEAFOR not participating.