## No. 13,283.

IN RE PETITION OF PHILLIPS FOR A WRIT OF HABEAS CORPUS.

(24 P. [2d] 755)

Decided August 15, 1933.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, for the people.

*En Banc.*

Mr. Chief Justice Adams delivered the opinion of the court.

Phillips, a prisoner incarcerated in the state penitentiary at Canon City, Fremont county, petitioned the district court of that county for a writ of habeas corpus, directed to the warden of the penitentiary. The petitioner sought to obtain his release from custody on the ground of alleged unlawful imprisonment. Pursuant to . the prayer of the petition, a writ was issued, in effect commanding the warden to bring the prisoner before the court for hearing. The warden acknowledged service and moved to quash the writ on the ground of lack of jurisdiction of the district court, which motion the court sustained. Phillips assigns error.

The prisoner's petition sets forth the facts concerning his imprisonment. It sufficiently appears therefrom that he, an adult, was convicted in the juvenile court of the City and County of Denver, on the 18th day of July, 1929, of an heinous crime, and for such felony was sentenced to confinement in the penitentiary for a period of not less than thirty or more than fifty years, which sentence he is now serving under a mittimus from the juvenile court. He alleges that that court did not have jurisdiction to entertain the cause.

The sole questions presented are, first, the jurisdiction of the juvenile court, and second, the jurisdiction of the district court.

■ The juvenile court exceeded its jurisdiction. *Abbott v. People,* 91 Colo. 510, 16 P. (2d) 435.

■ The district court had jurisdiction in the habeas corpus proceedings. Sections 6486 and 6488, C. L. 1921. The attorney general, however, urges that "a district court may not, by habeas corpus, judge the decisions of another court of co-ordinate or concurrent jurisdiction or use the writ as a means of reviewing decisions of

courts over which it has no appellate jurisdiction." The difficulty with this argument is that since the juvenile court has no jurisdiction at all in the premises *(Abbott v. People, supra)*, it has no jurisdiction co-ordinate or concurrent with that of the district court. Furthermore, no question of appellate jurisdiction from a juvenile court to a district court is involved.

One of the matters to be determined in habeas corpus proceedings is expressly stated in the first sub-division of section 6488, C. L. 1921, in the following words: "Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person." It is not incumbent upon the district court to subordinate its authority to that of another court which has no jurisdiction whatever over the crime or subject matter of the information.

The opinion of Mr. Justice Campbell in the Abbott case is decisive of this controversy; it points out the lack of jurisdiction of the juvenile court in cases of this character and reviews the question at length. Repetition would be superfluous.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Butler, Mr. Justice Burke, Mr. Justice Campbell, Mr. Justice Holland and Mr. Justice Hilliard concur.

Mr. Justice Butler, concurring.

Believing that the discharge of Phillips, though unfortunate, is a logical result of the decision in the Abbott case, I reluctantly concur in the decision herein.