## No. 18,310.

### ROBERT RONALD BARRETT *v.* PEOPLE OF THE STATE OF COLORADO.

(315 P. [2d] 192)

Decided August 26, 1957.

Mr. Francis P. O'Neil, Mr. Walter L. Gerash, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Plaintiff in error at the age of nineteen years was, on June 28, 1956, sentenced to the penitentiary for five to eight years on a conviction of burglary.

At the age of sixteen years he was convicted of burglary and given probation.

After the sentence to the penitentiary, a motion for arrest of judgment and sentence was filed and denied after evidence taken at the hearing. Plaintiff in error then petitioned for a writ of habeas corpus; the writ was discharged by the trial court; and error is assigned. We treat the petition as one for the entry of a proper judgment as was done in *Smith v. Best,* 115 Colo. 494, 176 P. (2d) 686.

As grounds for reversal, plaintiff in error, who will be referred to as petitioner, relies upon the claim of error on the part of the trial court in sentencing the petitioner to the penitentiary in view of the fact that petitioner was under the age of twenty-one and had no prior felony convictions. This is contrary to C.R.S. '53, 39-10-1, and Article XVIII, Section 4 of the state Constitution.

C.R.S. '53, 39-10-1 relates to reformatory and penitentiary sentences and prescribes the age limit, and is as follows:

"Courts having criminal jurisdiction in Colorado shall sentence to the state reformatory all male persons, and

none other, duly convicted before them of felony for the first time, who at the time of sentence shall be of the full age of sixteen years and not more than twenty-one years; * * *. * * * provided, that they shall sentence to the state penitentiary at Canon City any male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life, or the crime of murder in the first or second degrees or voluntary manslaughter."

There is no abstract of record or assignment of error filed in this case, and the summary of the People's argument is, that for that reason the writ of error should be dismissed since the rules of this court require such to be filed; further, that habeas corpus is not the proper remedy to test the validity of the sentence in a criminal case; and finally, that the sentence is not erroneous, since this was not the first offense of which petitioner had been convicted.

■ The first two parts of the People's argument can readily and easily be disposed of since this is not a criminal case according to decisions of this court, but is in the nature of a civil action. *Bordon v. District Court,* 37 Colo. 110, 86 Pac. 82; *People ex rel. Green v. The Court of Appeals,* 27 Colo. 405, 61 Pac. 592; *Flynn v. Kasper,* 26 Colo. App. 344, 114 Pac. 1137; People ex rel. *Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327.

■ As to the second point, habeas corpus is a proper remedy to afford relief from a void sentence, such as it will be seen was imposed here. *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226. Here the judgment and sentence were outside the statutory limits and habeas corpus is available and is proper procedure to afford relief. *People ex rel. Metzger v. District Court,* supra. The cases relied upon by the People to support their contention that habeas corpus is not the proper remedy were criminal cases and the People overlooked the decisions of this court which hold that habeas corpus is not a criminal action, thus abstracts of record and assignments

of error are not required. Finally, the People contend that the sentence is not erroneous, because this was not the first offense of which petitioner had been convicted. The latter statement is technically correct, and the People have adroitly used the word *offense* instead of *felony*. It is to be remembered that petitioner was convicted of burglary at the age of sixteen and given probation. No sentence was involved. Had sentence been imposed, the only place petitioner could have been sentenced was to the state reformatory.

Under the constitution and the statutes in effect at the time of this sentence, no felony was committed, because the constitution provides that felony should be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary and none other. A recent case, *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902, clearly establishes the fact that if petitioner could not be sentenced other than to the reformatory, then such a sentence will not answer the requirements for a felony conviction. The argument presented by the People on this question is an attack upon the opinion in *Smalley v. People,* supra, and a veiled request to reverse that case, based upon the argument in a dissenting opinion therein filed.

Under the statute hereinbefore quoted, the trial court had no discretion in the matter, and it was its duty, under the facts shown by the evidence, to sentence petitioner to the state reformatory. This statute was amended after the trial of this case, as well as after the announcement of the decision in *Smalley v. People,* supra, and allowance made therein for discretion on the part of the trial court under certain conditions, to sentence either to the penitentiary or the reformatory, persons under the age of twenty-one years.

It is at once apparent that the judgment and sentence herein were not within the statutory limitations, and the sentence to the penitentiary, when the statute specifically requires reformatory confinement,

results in a void judgment and relief is afforded by habeas corpus.

In accordance with the view herein expressed, the judgment is reversed and the cause remanded with directions to the district court to pronounce sentence and enter judgment as provided by the statute herein set out.

MR. JUSTICE KNAUSS dissents.

MR. JUSTICE DAY does not participate.