No. 18,591.

CARROLL MCKINNEY *v.* PEOPLE OF THE STATE OF COLORADO.
(332 P. [2d] 895)

Decided December 1, 1958.

Mr. CARROLL MCKINNEY, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error as defendant was charged in an information filed in the Justice Court of Garfield County with burglary committed July 26, 1955. He was placed in jail and brought before the Justice of the Peace on August 2, 1955; entered a plea of not guilty and preliminary hearing was set for August 12, 1955. On or about August 3, 1955, defendant escaped from the Garfield County jail where he had been confined, and according to the record, stole a truck and fled to the state of Texas where he was apprehended and returned to Colorado. On August 17, 1955, he was again taken before the Justice of the Peace where he waived a preliminary hearing and was bound over to the District court. On September 28, 1955, informations were filed by the District Attorney based on the burglary committed on July 26, 1955, and larceny of a motor vehicle on August 3, 1955. Defendant attained the full age of twenty-one years on August 21, 1955. Having been properly advised of his constitutional rights by the trial judge, defendant on September 28, 1955, entered pleas of guilty to each of the crimes charged. Evidence on aggravation or miti-

gation of the offenses was taken and the cases continued to October 24, 1955, for pre-sentence investigation.

During the proceedings on the morning of September 28, 1955, the trial judge had advised defendant that he was liable to sentence to the state reformatory for an indeterminate term. Later on that day, defendant was returned to the courtroom and readvised concerning the possible sentence which might be imposed, to-wit: a sentence to the state penitentiary. He was then rearraigned on both charges, and after being duly advised as to his rights in the premises, he persisted in his pleas of guilty. On October 24, 1955, the trial court sentenced defendant to concurrent terms in the state penitentiary.

Defendant brings the case here on writ of error and states: "The only error assigned herein is that the trial court erred in sentencing defendant to the state penitentiary, instead of the state reformatory."

It is admitted that defendant attained the full age of twenty-one years on August 21, 1955, and it is not disputed that defendant escaped from the county jail of Garfield County, Colorado, and fled to the state of Texas, where he was apprehended and brought back to Colorado.

The applicable statute is C.R.S. '53, 39-10-1, which reads:

"Courts having criminal jurisdiction in Colorado shall sentence to the state reformatory all male persons, and none other, duly convicted before them of felony for the first time, *who at the time of sentence* shall be of the full age of sixteen years and not more than twenty-one years; and those over twenty-one and not more than twenty-five shall be sentenced to either the state reformatory or the state penitentiary at the discretion of the trial judge; and also, all male persons between said ages, duly convicted before them of a misdemeanor, where the imprisonment for the offense charged shall not be less than ninety days; provided, that they shall sentence to the state penitentiary at Canon City any

male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life, or the crime of murder in the first or second degrees or voluntary manslaughter." (Emphasis supplied.)

Defendant cites in support of his contention the case of *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226. It definitely appears in the Rivera case that one of the grounds upon which he sought release was " * * * that at the time of imposition of sentence defendant was only eighteen years of age and that, under the above mentioned statute, and the admitted facts, the sentence to imprisonment in the penitentiary was void." The statute referred to is the present C.R.S. '53, 39-10-1.

Here there was no delay attributable to the prosecution, such as appeared in the Rivera case. The situation presented in the instant case was not before this court in the Rivera case. Certain language therein construed by plaintiff in error to indicate that the date of the commission of a crime determines the punishment to be imposed, is disapproved. When Rivera was sentenced the second time he was under twenty-one years of age, hence the conclusion reached in that case was correct.

The statute under which defendant was sentenced is conclusive. Defendant was more than twenty-one years of age "at the time of sentence" and the trial judge was vested with a discretion to sentence him to the reformatory or the state penitentiary. The short delay between the filing of the informations and date of imposition of sentence was not attributable to the prosecution, but was due to the escape and flight of defendant and to the requirements of due process of law in connection with the court proceedings.

Other cases cited by defendant are clearly not in point.

We hold that the statute above cited is conclusive and we observe no error in the record before us. The judgments are affirmed.