No. 19,413.

TOBY MANUEL MAES *v.* HARRY C. TINSLEY.

(353 P. [2d] 586)

Decided July 5, 1960.   Rehearing denied July 25, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

We will refer to plaintiff in error as Petitioner and defendant in error as Respondent.

On August 17, 1959, petitioner was sentenced to a term of not less than ten or more than twelve years in the state penitentiary for the crime of aggravated robbery. According to the record Petitioner was twenty-one years and eight months of age at the time of his conviction and sentence. He sought release from prison by a writ of habeas corpus, claiming that because he was a minor at the time the crime was committed he could not be sentenced for a term in excess of ten years. The writ of habeas corpus was denied by the trial court, and Petitioner is here by writ of error.

The pertinent statute involved is C.R.S. '53, 40-5-1, which in so many words provides that where one convicted of aggravated robbery "is a person under the age of twenty-one years at the time of conviction, he may be sentenced to confinement in the state reformatory or in the state penitentiary, in the discretion of the court." The same statute provides that the sentence for the crime of aggravated robbery shall be not less than two years and, in the discretion of the trial court, may extend to life imprisonment if the defendant is more than twenty-one years of age at the time of sentence.

C.R.S. '53, 39-10-1, provides that any male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life may be sentenced to the state penitentiary. In *Crosswell v. People,* 74 Colo. 547, 223 Pac. 51, it was held that the sentence of one eighteen years of age, convicted of highway robbery, to the state penitentiary instead of the reformatory was valid as the meaning of the phrase "crimes involving the penalty of imprisonment for life" does not mean that the particular sentence must be for life but that a sentence for life could have been imposed.

This case is governed by *McKinney v. People,* 138 Colo. 294, 332 P. (2d) 895, which holds that the age of a defendant on the date of the commission of the

crime is not determinative of the punishment to be imposed, but rather his age at the time of sentence is controlling.

Petitioner contends that the trial court was without jurisdiction and that the sentence imposed was void, hence he argues that he is entitled to immediate release. There is no merit in this contention.

Perceiving no error in the record before us the judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE DOYLE not participating.