No. 19,940.

JERRY STILLEY, ETC., *v*. HARRY C. TINSLEY, WARDEN OF COLORADO STATE PENITENTIARY.
(385 P. [2d] 677)

Decided August 26, 1963. Rehearing denied October 28, 1963.

Mr. SAMUEL D. MENIN, Mr. ROGER L. SIMON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

En Banc.

Mr. Justice Hall delivered the opinion of the Court.

The parties appear here in the same order as in the trial court. We refer to them by name.

On June 28, 1961, Stilley filed in the trial court his amended petition for writ of habeas corpus alleging: (1) that Tinsley, as Warden of the Colorado State Penitentiary, is unlawfully confining him in said penitentiary as an alleged parole violator; (2) that he was convicted of burglary in the Denver District Court and was, on November 24, 1954, sentenced to said penitentiary for a period of time not exceeding ten years and not less than one year, and that mittimus was issued in conformity with such sentence; (3) that at the time said sentence was imposed he was under twenty-one years of age and as provided by C.R.S. '53, 39-10-1, could not be sentenced other than to the state reformatory; (4) that his sentence to the penitentiary and the mittimus issued pursuant thereto were and are void; and because said sentence was and is void his present confinement, for alleged violation of parole, is equally void and without authority.

He prayed that a writ of habeas corpus issue directing Tinsley to bring him before the court and show cause why he should not be released.

On presentation of and consideration of the petition an order for writ of habeas corpus was issued by the trial court directing Tinsley to comply with the prayer of the petition on July 10, 1961, at 2:00 P.M.

Pursuant to agreement of counsel for the parties return on the writ and hearing was continued until July 21, 1961.

On July 18, 1961, Tinsley filed his return to the writ in which he admits the sentence complained of and alleges that if the sentence is void because of Stilley's minority at the time of sentence, then the court should now impose a proper sentence upon him pursuant to the following language of this court in *People ex rel. Metzger*

*v. District Court,* 119 Colo. 451, 208 P. (2d) 79 (First Metzger case):

" * * * If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and this power is not impaired by the expiration of the term of court, during which the judgment was pronounced."

Tinsley further alleges that the age of the person sentenced at the time of the sentence, rather than at the time of the offense or judgment, controls whether the sentence shall be to the penitentiary or some other institution.

Tinsley prays that if it be true, as alleged, that Stilley's sentence was illegal and void, he now being over the age of twenty-one, the court should now sentence him to the penitentiary "either nunc pro tunc from the original date of sentencing or from this date."

To this return Stilley filed his response, stating that *People v. District Court,* supra, is not applicable to this case which falls squarely within the decision of this court in *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226.

On August 2, 1961, the parties filed a stipulation to the effect that Stilley was under the age of twenty-one years at the time of his sentence.

On final hearing, the parties, through their counsel, agreed that the sentence was void; the trial court so found and stated that the sentence "was and is null and void," and then proceeded as follows:

" * * * The Court now thinks he should pronounce a proper sentence. Will you stand up please, Mr. Stilley? In view of the decisions, the Court thinks this is the proper course to take. The Petition for Writ of Habeas Corpus is dismissed. It will be the judgment and sentence of the Court that you be taken from the bar of the court to the common jail; thence by the sheriff with all convenient speed to the State Penitentiary; delivered to the Warden or keeper thereof. The sentence to apply nunc pro tunc from the original date of sentencing, and the time already spent in the Penitentiary to count on

this sentence; not less than one, nor more than ten years. All right. That's all."

\* \* \*

" \* \* \* Motion for new trial or rehearing dispensed with."

Stilley is here by writ of error seeking reversal.

Counsel for Stilley contends here as he did in the trial court that the writ of habeas corpus should be sustained and Stilley discharged from the custody of Tinsley.

The attorney general contends that: " \* \* \* this court should remand petitioner to the trial court to receive the first proper sentence yet adjudged in this case, and this court should instruct that court that any sentence adjudged is to be effective on whatever date it is pronounced and not before."

The judgment of the trial court cannot be sustained. Here the liberty of Stilley is at stake and though his record may be unsavory and his conduct not such as to appeal favorably to the conscience of the court, yet he is entitled to be dealt with in conformity with constitutional and statutory guarantees.

The only parties before the court were Stilley and Tinsley; the only question properly before the court was the then authority of Tinsley to restrain Stilley of his liberty and continue to confine him in the state penitentiary. Tinsley, seeking to justify his restraint of Stilley, relied entirely upon a mittimus issued pursuant to a void judgment.

Stilley proceeded to assert all rights reserved to the people and guaranteed rights which go to the very foundation of our government, as set forth in Article II, Bill of Rights, Constitution of the State of Colorado:

" In order to assert our rights, acknowledge our duties, and proclaim the principles upon which our government is founded, we declare:

\* \* \*

"Section 21. SUSPENSION OF HABEAS CORPUS.— The privilege of the writ of habeas corpus shall never

be suspended, unless when in case of rebellion or invasion, the public safety may require it." as implemented by the General Assembly, C.R.S. '53: --

"65-1-1. PETITION FOR WRIT—CRIMINAL CASES. —If any person shall be committed or detained for any criminal or supposed criminal matter, it shall be lawful for him to apply *to the supreme or district courts,* in term time, *or any judge thereof in vacation, for a writ of habeas corpus,* which application shall be in writing, and signed by the prisoner or some person on his behalf, setting forth the facts concerning his imprisonment, and *in whose custody he is detained,* and shall be accompanied by a copy of the warrant of commitment, or an affidavit that the said copy has been demanded of the person in whose custody the prisoner is detained, and by him refused or neglected to be given. * * * ; which said writ, if issued by the court, shall be under the seal of the court, if by a judge, under the hand of a judge, and shall be directed to the person in whose custody the prisoner is detained, and made returnable forthwith.

\* \* \*

"65-1-3. HEARING — PLEADINGS—DISCHARGE.— Upon the return of the writ of habeas corpus a day shall be set for the hearing of the cause of imprisonment or detainer, not exceeding five days thereafter, unless the prisoner shall request a longer time. The prisoner may deny any of the material facts set forth in the return, or may allege any fact to show either that the imprisonment or detention is unlawful, or that he is then entitled to his discharge; which allegations or denials shall be made on oath. The return may be amended by leave of the court, before or after the same is filed, as also may all suggestions made against it, that thereby all material facts may be ascertained. *The court or judge shall proceed in a summary way to settle the facts* by hearing the testimony and arguments as well of all parties interested civilly, if any there be, as of the prisoner and the person

who holds him in custody, and shall *dispose of the prisoner as the case may require.*

"*If it appear that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:*

"(1) *Where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person.*" (Emphasis supplied.)

Here the trial court did not "dispose of the prisoner as the case may require," but went into other matters not properly before the court and erroneously decided the one and only issue that was properly before it.

■ The trial court correctly determined that at the time of his pronouncement, Tinsley had no authority to restrain Stilley, and that the mittimus, Tinsley's purported authority, was void. Having so decided, the trial judge had only one remaining duty to perform in the case then before him — order Stilley released from the custody and restraint of Tinsley.

This opinion might well end here. However, in view of lack of consistency in prior decisions of this court and an apparent lack of clear and definite pronouncements of this court as to proper procedures to be followed in frequently recurring situations such as we have here and because of the great public concern in such problems, we, contrary to our usual procedures and by way of dictum, express our present views on several matters that are or have been the subject of much discussion.

First, we hold that the constitutional and statutory provisions governing habeas corpus mean what they say, and cannot be ignored or minimized or rendered ineffective by the courts, or at all.

In this case all agreed and the trial court found that Stilley was being held in custody by Tinsley without any right or authority. So holding, the court should have directed his release and made the writ permanent. Instead of doing that, the court ordered: " * * * The Petition for Writ of Habeas Corpus is dismissed. * * * ."

That order constituted a final judgment and put an end to all matters properly before the trial court wherein the respective rights and duties of the petitioner, Stilley, and the respondent, Tinsley, were concerned.

The trial court having so ruled (albeit erroneously), that ended the litigation on the trial court level. Tinsley should have, in the face of the court's denial of Stilley's request for release, retained the prisoner in custody and he could get himself into a heap of trouble in turning the prisoner loose or turning him over to some other person claiming authority to restrain him. Dismissal of the petition for habeas corpus left Stilley and Tinsley in the identical positions which they occupied prior to the time Stilley sought the writ.

Second: We hold that one may seek a writ of habeas corpus without running any risk whatsoever, other than the risk of having his petition denied and the possibility of being chargeable with the costs of the proceedings. He cannot in such proceedings, whereby he seeks release from illegal restraint, be legally incarcerated on other grounds. Any person has the absolute and unconditional right to seek the writ, and punishment, in lieu of freedom sought, may not be imposed in a habeas corpus proceeding.

In *Smith v. Best,* 115 Colo. 494, 176 P. (2d) 686, a prisoner, seeking his release from a life sentence with no minimum, sought habeas corpus. His petition was dismissed and the judgment of dismissal affirmed by this court on the ground that the sentence was merely erroneous and not void. At the end of the opinion in that case we find the following language:

"*Should the defendant so elect,* his petition for habeas corpus may be treated as a petition for the entry of a proper judgment, and for that purpose the trial court may retain jurisdiction, require the presence of defendant, and, guided by the foregoing and our opinions cited, supra, amend the original sentence by including therein

a minimum term of imprisonment." (Emphasis supplied.)

That language was all for the prisoner's benefit and deprived him of no rights; rather, it granted to him the right to elect. He was under no obligation to proceed as suggested.

In *Barrett v. People,* 136 Colo. 144, 315 P. (2d) 192, the foregoing pronouncement was used as a springboard for a conclusion to which we no longer subscribe. In that case Barrett sought his release by petition for habeas corpus and the writ was discharged by the trial court and review sought by writ of error. In its opinion this court used the following language, to which we do not subscribe: " * * * We treat the petition as one for the entry of a proper judgment as was done in *Smith v. Best,* 115 Colo. 494, 176 P. (2d) 686."

▮ *Smith v. Best,* supra, does not sanction any such action. There it was very carefully stated that a petitioner (defendant) seeking habeas corpus without success could, if "defendant so elect," have his petition for habeas corpus treated as a petition for entry of a proper sentence. In *Barrett v. People,* supra, this court *made the election* contrary to Barrett's expressed wishes, and in so doing suspended the right to the writ contrary to the constitutional inhibition. For the future guidance of courts and counsel, we hold that it is mandatory that petitions for habeas corpus be treated as such, and that writs be issued, denied, discharged, or made permanent, as the pleadings and proofs may dictate.

In the *Barrett* opinion we find the following pertinent language, to which we subscribe:

"The first two parts of the People's argument can readily and easily be disposed of since this is not a criminal case according to decisions of this court, but is in the nature of a civil action. *Bordon v. District Court,* 37 Colo. 110, 86 Pac. 82; *People ex rel. Green v. The Court of Appeals,* 27 Colo. 405, 61 Pac. 592; *Flynn*

*v. Kasper,* 26 Colo. App. 344, 114 Pac. 1137; *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327.

"As to the second point, habeas corpus is a proper remedy to afford relief from a void sentence, such as it will be seen was imposed here. *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226. Here the judgment and sentence were outside the statutory limits and habeas corpus is available and is proper procedure to afford relief. * * * .

\* \* \*

"It is at once apparent that the judgment and sentence herein were not within the statutory limitations, and the sentence to the penitentiary, when the statute specifically requires reformatory confinement, results in a void judgment and relief is afforded by habeas corpus."

The foregoing language dictates that the writ should have been made absolute and the prisoner discharged. Anything short of his discharge from custody by the warden deprived the prisoner of constitutional rights. This court in *Barrett* instead of directing that the writ be made permanent, as the foregoing language dictates, remanded the case to the trial court, using the following language, language to which we no longer subscribe:

"In accordance with the view herein expressed, the judgment is reversed and the cause remanded with directions to the district court to pronounce sentence and enter judgment as provided by the statute herein set out." .

Before leaving *Barrett v. People,* supra, we wish to point out the procedural impropriety pursued therein and in other cases of prisoners filing petitions for writs of habeas corpus in the criminal case in which they were tried, convicted and sentenced.

Art. VI, Section 30, of the Constitution of Colorado provides: " * * * all prosecutions shall be carried on in the name and by the authority of 'The People of the State of Colorado,' * * * ."

C.R.S. '53, 45-1-2, imposes upon district attorneys the

duty to: " * * * appear in behalf of the state [The People] * * * in all indictments, suits and proceedings, * * * ."

Barrett was the defendant in the case of "The People of the State of Colorado v. Barrett." That was a criminal case in which the district attorney appeared for the State (The People). The warden of the penitentiary was not a party to that litigation; he could not be made a party to that litigation, and yet by disregarding the rules of procedure we find the warden appearing and answering a writ of habeas corpus, a writ properly issued in an independent civil action where the issues presented and the relief sought bear slight, if any, resemblance to the issues presented and the relief granted in the criminal case. In habeas corpus proceeding the State is not a party, does not appear and is not represented.

Similar procedures were followed in *Rivera v. People,* supra, and several other cases which prompted the filing of original proceedings in prohibition in this court.

■ Proper procedure to be followed by one claiming to be imprisoned without legal authority is to file a civil action seeking a writ of habeas corpus. Named as respondent should be the person "in whose custody he is detained." The People of the State of Colorado is not a proper party to such proceedings.

In *Oates v. People,* 136 Colo. 208, 315 P. (2d) 196, it was said:

"It is axiomatic that a writ of habeas corpus does not run against the People of the State of Colorado. In the instant case the writ was directed to the ex-officio sheriff of the city and county of Denver and the warden of the Denver jail. An application for a writ of habeas corpus is a civil action, independent of the criminal charge and is no part of the inquiry based on the information. * * * ."

To the same effect, see *Lowe v. People,* 139 Colo. 578, 342 P. (2d) 631, and *Buhler v. People,* 151 Colo. 345, 377 P. (2d) 748.

Third: We feel constrained to revisit the oft cited case of *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787, decided April 18, 1949. Much of the language in that case is inconsistent with numerous subsequent decisions of this court. There, Hart was convicted in the District Court of Prowers County of involuntary manslaughter and final judgment entered whereby he was sentenced to the *penitentiary* for a period of "not less than three nor more than five years at hard labor." This in spite of the fact that the general assembly had fixed the penalty to be imposed upon conviction of involuntary manslaughter "by imprisonment in the county jail for a term not exceeding one year." C.R.S. '53, 40-2-8.

Hart, in the custody of Best, the warden of the penitentiary in Fremont County, filed his petition in the district court of Fremont County seeking a writ of habeas corpus wherein he sought to be released from the penitentiary because of the void sentence of the Prowers County district court. Application for the writ was granted and on final hearing the writ was quashed, and on review by writ of error this court, among other things, held that the sentence, though excessive, was only excessive and not void, and that the prisoner, having failed to sue out a writ of error, cannot have the matter reviewed by habeas corpus.

 We agree that habeas corpus does not lie to obtain one's release from an erroneous sentence, but we do not agree that a sentence beyond the jurisdiction of the sentencing court, or providing for incarceration in an institution other than as provided by law, is only erroneous and not void.

In reaching its conclusion in the *Hart* case, the court relied heavily on *Martin v. District Court,* 37 Colo. 110, 86 Pac. 82. In *Hart* this court said: "In *Martin, Warden v. District Court,* * * * we had a situation identical, as we view it, with that presented in the present case. * * * ."

We do not find the situations identical or even similar

or in any manner related. In *Martin,* the prisoner was convicted of robbery and had been sentenced to the penitentiary for not less than twelve nor more than fourteen years. The court was unquestionably vested with jurisdiction to cause Martin's incarceration in the penitentiary, and though the period of time may have been excessive (this question this court did not resolve), he had not served such time as admittedly might legally have been imposed. Denial of habeas corpus in *Martin* is grounded on the fact that the sentence was not void, but at most only excessive, and that until such time as the prisoner had served the valid term of the sentence he could not be released by habeas corpus. There, the court said:

" * * * *We might grant that after the prisoner has served the minimum sentence thus imposed, his confinement thereafter would be illegal, and the courts might release him.* The strongest objection that can be urged against this judgment is that it is excessive and indefinite. We have seen that it is not indefinite up to the minimum, and the decided weight of authority is that where a judgment is merely excessive and the court which pronounces it is one of general jurisdiction, it is not void *ab initio* because of the excess, but is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on *habeas corpus* until he has suffered or performed so much of it as it is within the power of the court to impose. * * * ." (Emphasis supplied).

We subscribe to that holding, but cannot visualize the same as precedent for confinement of Hart in the state penitentiary at hard labor, when the only place he could be lawfully confined was in the county jail. Courts have no inherent power to confine persons; such power is delegated by legislative enactment.

In *Hart,* supra, the court said:

" * * * When the district court of Prowers county had

jurisdiction of the person and the subject matter — and that jurisdiction is not challenged here — its judgment is not void; it at most is erroneous. * * * .

\* \* \*

" * * * A habeas corpus writ is an extraordinary writ which may be procured, *not as a matter of right,* but in the discretion of the court. *It was incumbent upon defendant to exhaust his legal remedies before asking the indulgence of the court in the issuance of a writ of habeas corpus.*" (Emphasis supplied.)

The court further said: " * * * If he is discharged in a habeas corpus proceeding, he will escape the punishment which the statute has fixed for its violations. * * *."

After making the foregoing pronouncements in *Hart,* and as a final episode, the court points out that a supplemental record (a part of the Prowers County District Court records in the criminal case), filed, over objections of Hart, after the case came at issue, disclosed that really and truly Hart was charged with and found guilty of "while under the influence of intoxicating liquor * * * cause [causing] the deaths of one Doris Sue DuBose and one Linda Sue DuBose" and that the statute provides that one so charged and found guilty "shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than fourteen years." Thus the story has a happy and just ending in spite of the many objectionable features outlined above.

Following the *Hart* case is the case of *People ex rel. Metzger v. District Court of Denver, et al.,* (1st Metzger case), supra, decided June 13, 1949. On September 7, 1946, one Jones had pleaded guilty to a charge of "confidence game" and was, on September 12, 1946, sentenced to the penitentiary for a term of not less than six years nor more than ten years. On May 7, 1949, Jones filed his petition *in the criminal case,* wherein he had entered a plea of guilty, seeking relief in the nature of habeas corpus. His claim for release was predicated on the

alleged fact that this court had, in *People v. Lindsay,* 119 Colo. 248, 202 P. (2d) 951, decided February 14, 1949, held that issuance of a short check did not constitute a confidence game and was a misdemeanor only and punishable by confinement in the county jail.

On presentation of this petition, the trial judge directed the warden of the penitentiary to present the prisoner in court and show cause why he should not be released.

Prior to the date fixed for return, the attorney general filed an original proceeding in this court, *People ex rel. Metzger,* supra, seeking a writ of prohibition directing the trial court to cease and desist. This court issued the writ and on final hearing made the same permanent. There we said:

"Respondent noticeably labors under the erroneous impression that the sentence here involved is an illegal and void sentence. *If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and this power is not impaired by the expiration of the term of court, during which the judgment was pronounced.*

\* \* \*

"Pursuant to the views herein expressed, the alternative writ of prohibition is made permanent, and it is ordered that respondents vacate all orders entered in connection with the petition involved, that the petition be dismissed, and that petitioner C. E. Jones be returned to the state penitentiary." (Emphasis supplied.)

On December 12, 1949, three days short of six months after the decision in *Metzger v. District Court,* supra, this court announced its decision in *Best, Warden, v. People ex rel. Florom,* 121 Colo. 100, 212 P. (2d) 1007. There one Florom had been sentenced to the penitentiary for a period of three to five years for obtaining money by false pretenses. After serving about two years of his sentence he filed his petition in the sentencing court seeking his release by habeas corpus, contending,

as Jones contended, that he was guilty of a misdemeanor only. The sentencing court vacated the sentence and resentenced Florom *nunc pro tunc* to six months in the county jail, and held the county jail sentence discharged by virtue of the time spent in the penitentiary. The trial court granted a stay of execution and the people sought review by writ of error. The judgment of the trial court was reversed and the writ ordered dismissed. *Best v. People ex rel. Florom,* supra.

There the court referred to *People ex rel. Metzger v. District Court of Denver,* supra (first Metzger case), pointing out that it was a unanimous decision and approved the same, and also referred to *Hart v. Best,* supra. The court said:

"When the hearing on the petition for a writ of habeas corpus was had on May 6, 1949, *the only question for determination was whether, on July 29, 1947, the court pronouncing sentence had jurisdiction of the person, and crime with which defendant was charged.* The defendant pleaded guilty; the trial court considered the information and the sufficiency thereof to charge him with the crime therein set forth; it determined from the plea and evidence received in support thereof that the same was sufficient, as a matter of law, to establish defendant's guilt of the crime charged, and, thereupon, pursuant to his sworn duty, the judge pronounced a judgment within prescribed statutory limits. Having done so, *the court had fully discharged its duty; it exhausted its jurisdiction; its judgment and sentence became final, and any correction thereof, if any was necessary, could be accomplished only by writ of error.*

"Under the state of this record, and in accordance with the unanimous opinion of the court in *People v. District Court* [1st Metzger case], supra, error was committed by the district court in discharging the prisoner on the writ of habeas corpus, for which error its judgment is reversed and the cause remanded with instructions to dismiss the action. (Emphasis supplied.)

Following *Metzger v. District Court,* supra (1st Metzger case), decided June 13, 1949, and *Best v. People ex rel. Florom,* supra, decided December 12, 1949, this court had before it the case of *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327, decided December 19, 1949 (2d Metzger case). There the attorney general sought to prohibit the district court from acting on a petition for habeas corpus by a prisoner seeking his release on the ground that his sentence was void.

We find no significant difference in the problem presented in this *second case* and that presented in the *first Metzger case.* The results, however, are very different, prohibition being granted in the *first Metzger case* and denied in the *second case.* Apparently the court in the *second Metzger case* did not consider six months ample time for the doctrine of *stare decisis* to come into full flower and blind the court to justice. To reconcile the two would be an impossible task which we do not undertake.

In the *second Metzger case* the court said:

"The Constitution of the State of Colorado provides, 'The privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion the public safety may require it.' Article VI, section 11, as well as under the provisions of chapter 77, '35 C.S.A. *In re Arakawa,* 78 Colo. 193, 240 Pac. 940; *In re Phillips,* 93 Colo. 203, 24 P. (2d) 755; *Hart v. Best, Warden,* 119 Colo. 569, 205 P. (2d) 787.

"Actions in habeas corpus are civil in nature, and a judgment therein is reviewable by writ of error. *People ex rel. v. Court of Appeals,* 27 Colo. 405, 61 Pac. 592; *Martin, Warden v. District Court,* 37 Colo. 110, 86 Pac. 82; *Flynn v. Kasper,* 26 Colo. App. 344, 144 Pac. 1137; *Ex Parte Tom Tong,* 108 U.S. 556 27 L. Ed. 826; Church on Habeas Corpus (2d ed.), p. 139, §88; 25 Am. Jur., p. 151, §12; 39 C.J., p. 426, §1; Extraordinary Legal Remedies, Ferris, p. 28, §11. The writ of habeas corpus may

not be substituted for a writ of error. *Hart v. Best,. Warden,* supra, and cases therein cited; *Best, Warden v. People,* supra.

"It may be stated as a general rule that in a habeas corpus action by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, *and the judgment and sentence were within the statutory limitations. Knewel v. Egan,* 268 U.S. 442, 45 Sup. Ct. 522, 69 L. Ed. 1036; 25 Am. Jur., §§12, et seq.; 1 Bailey on Habeas Corpus, p. 79, §30. Habeas corpus may not ordinarily be substituted for a writ of error. *Hart v. Best, Warden,* supra; *Sunal v. Large,* 332 U.S. 174, 67 Sup. Ct. 1588, 91 L. Ed. 1982.

"We construe the petition for a writ of habeas corpus here sufficient to establish a prima facie case entitling the respondent Kirk to a hearing, *recognizing that the writ of habeas corpus is a writ of right, but not necessarily a writ issuable without a showing of probable cause.*" (Emphasis supplied.)

We approve the foregoing. We disavow contrary language in *Hart v. Best,* supra; *People v. District Court,* supra; *Best v. People,* supra, and other cases, if such there be.

More recent decisions of this court follow the rules set forth in the *second Metzger case* and grant habeas corpus in cases where the petitioner shows that his detention is without lawful authority. *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220; *Farrell v. District Court,* 135 Colo. 329, 311 P. (2d) 410; *McGrath v. Tinsley,* 138 Colo. 18, 328 P. (2d) 579; *Rivera v. People,* supra (12/28/53).

In *Rivera v. People,* this court used the following language, which we reaffirm:

" * * * Our court, in *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327, said: 'It may be stated as a general rule that in a habeas corpus action

.by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, *and the judgment and sentence were within the statutory limitations.*'

"It is clear, in the instant case, that the judgment and sentence were not within the statutory limitations. In considering whether a sentence is within the provisions of the statute fixing the penalty for the commission of a crime, the statute which requires commitment to the reformatory in certain cases is fully applicable and must govern when the pertinent facts are present. *A judgment and sentence to the penitentiary for any term, when the law requires a reformatory confinement, is a void judgment and habeas corpus is a proper remedy to afford relief.* From the foregoing it follows that the confinement of defendant in the penitentiary was and is without authority of law, and all proceedings dealing with commutation of sentence and parole were without force and effect." (Emphasis supplied.)

As pointed out above, we do not sanction the procedure in *Rivera,* wherein a petition for habeas corpus was filed in the original criminal action.

In *Gallegos v. Tinsley,* 139 Colo. 157, 337 P. (2d) 386 (3/30/59), it appears that Gallegos had been convicted of forcible rape and sentenced by the district court of Pueblo County to the penitentiary for a period of not less than five years nor more than ten years. At the time of his sentence he was fifteen years of age, and thereafter filed his petition in the district court of Fremont County, seeking his release by habeas corpus. The trial court issued the writ, made it permanent, reconsidered, and finally discharged the writ. Gallegos brought the matter to this court by writ of error. In affirming the judgment this court, in an En Banc decision, concluded that Gallegos was properly sentenced to the penitentiary pursuant to C.R.S. '53, 40-2-28, and that the judgment of the Fremont District Court deny-

ing habeas corpus was correct. Unfortunately our opinion did not stop there, but continued and, by way of *obiter dictum,* stated that even though Gallegos was entitled to be out instead of in, the Fremont County District Court had no jurisdiction to grant habeas corpus. Cited as authority is *Hart v. Best,* supra (herein repudiated), which erroneously relies on and misinterprets *Martin,* supra. Overlooked in the dictum is *Rivera v. People,* supra, which is out of harmony with *Hart.* No mention is made of *In re Phillips,* 93 Colo. 203, 24 P. (2d) 755. There, Phillips was convicted of a felony in the *Denver Juvenile Court* and was sentenced to the penitentiary for not less than thirty nor more than fifty years. He sought habeas corpus in Fremont County, claiming that the juvenile court was without jurisdiction in felony matters. The district court quashed the writ and Phillips brought the case to this court by writ of error. In reversing, this court said:

"The district court had jurisdiction in the habeas corpus proceedings. Sections 6486 and 6488, C. L. 1921." (C.R.S. '53, 65-1-1 and 65-1-3).

The dictum also overlooks *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327, where we said:

" * * * District courts have jurisdiction in habeas corpus proceedings under Article VI, section 11, as well as under the provisions of chapter 77, '35 C.S.A. [now chapter 65, CRS '53]. *In re Arakawa,* 78 Colo. 193, 240 Pac. 940; *In re Phillips,* 93 Colo. 203, 24 P. (2d) 755; *Hart v. Best, Warden,* 119 Colo. 569, 205 P. (2d) 787."

Also overlooked is: C.R.S. '53, 65-1-1, which implements the constitutional right to habeas corpus and provides that application may be made to: " * * * the supreme or district courts, in term time, or any judge thereof * * * ."

It will be observed that the statute uses the plural "district courts," without any limitation. To say that *any district court* is without jurisdiction to determine

questions properly presented by petitions for habeas corpus runs head-on into and does violence to the above legislative pronouncement.

We disavow the *obiter dictum* in *Rivera* and hold that one seeking habeas corpus may select his forum. He may seek the aid of the supreme court or any district court at any time. He may even seek the aid of any county court at the times allowed and as provided by C.R.S. '53, 65-1-20. Suits seeking relief by habeas corpus being civil in nature, the question of venue is governed by Colorado Rules of Civil Procedure. See *Marshall v. Geer,* 140 Colo. 305, 344 P. (2d) 440.

In situations such as we have here we do not subscribe to the imposition of any limitations upon one seeking the writ, other than those contained in the statute; rather, we recognize without limitation our constitutional guaranty that: "The privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion, the public safety may require it." — Colo. Constitution, Art. II, Sec. 21.

We subscribe to and give heed to the legislative admonition that when one applies for the writ: " * * * the court or judge * * * shall forthwith award the writ of habeas corpus, unless it shall appear from the petition [for habeas corpus] itself, or from the documents annexed [to the petition], that the party can neither be discharged nor admitted to bail, nor in any other manner relieved: * * * ." — C.R.S. '53, 65-1-1.

To impose any other or additional conditions on one seeking the writ would be doing exactly what the Constitution and the legislature have said shall not be done. To impose conditions on issuance of the writ, such as exhausting other available remedies in situations such as we have here, is *pro tanto* a suspension of the writ. We accept C.R.S. '53, Chapter 65, at its face value and so construe it as to make applications for the writ available in the forum most convenient for the applicant, and recognize no restrictions attempted to be imposed upon

the right of one to choose any forum provided by statute for asserting his rights and the protection afforded by the Constitution and statutes.

We are not unmindful of Rule 35 of Colorado Rules of Criminal Procedure, adopted and effective November 1, 1961 (after the judgment was entered in this case), and observe that that rule in no way seeks to impose any conditions on the issuance of habeas corpus writs — it only affords a remedy for those seeking a proper sentence, a remedy which the prisoner may seek or not seek at his election.

Though the question as to what should be done with Stilley had the writ been made permanent was not formally before the trial court, we feel disposed to make some comments with reference thereto, and especially because of the following statement in *Hart,* supra, a statement which we feel was without warrant and to which we do not subscribe: " * * * If he is discharged in a habeas corpus proceeding, he will escape the punishment which the statute has fixed for its violations. * * * ."

Stilley, having been properly convicted and subjected to a void sentence, *no sentence,* remains a defendant in a pending case awaiting sentence. Releasing him from the clutches of Tinsley does not mean that he goes free, as stated in Hart, supra; he is in fact back where he was before sentence. He is a convicted, unsentenced felon, subject to detention under the original warrant of arrest. The trial court should have made the writ permanent and, on so doing, directed the sheriff to take him into custody and to present him, or cause him to be presented, to the court in which he was convicted for further proceedings in that court, in which proceedings an up-to-date presentence report should be procured and considered by the sentencing judge, wherein Stilley should be permitted to request the privilege of filing an application for probation, wherein he should be granted the customary privilege of saying something in his own behalf before pronouncement of sentence. All of this

should be done in the original case — *The People of the State of Colorado v. Stilley,* with the People one of the parties — The People represented by the district attorney, who is under duty, as provided by C.R.S. '53, 45-1-2, to appear "in behalf of the state [People]" in all pending criminal proceedings.

After proceeding as above outlined, sentence should be pronounced, Stilley's age at the time of the sentencing to be controlling as to whether he should be sentenced to the reformatory or to the penitentiary, as outlined in *Maes v. Tinsley,* 143 Colo. 405, 353 P. (2d) 586; *McKinney v. People,* 138 Colo. 294, 332 P. (2d) 895.

After such sentence, post sentence procedures, if any are sought, should be considered and disposed of resulting in a final judgment. On the judgment becoming final, Stilley would be entitled to all rights of review.

To summarize briefly:

Habeas corpus is a civil action, petitions for the writ may be filed at any time, by anyone, in the supreme court, any district court, subject to the limitations provided by C.R.S. '53, 65-1-20, or in any county court. All of the above mentioned courts have jurisdiction to receive petitions, grant or deny the issuance of the writ, as provided by C.R.S. '53, 65-1-1:

" * * * *The court or judge to whom the application is made shall forthwith award the writ of habeas corpus, unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved;* * * * ." (Emphasis supplied.)

And on final hearing to make the writ permanent or discharge the same, as the facts may warrant and as provided by C.R.S. '53, 65-1-3 (1).

The practice of attorneys seeking habeas corpus in the original criminal case where sentence was imposed should be discontinued. Trial courts should deny such petitions so filed for the reason that the person who

has custody of the petitioner is not a party to that action and the state is not a proper party in habeas corpus.

Trial courts, attorneys and district attorneys should bear in mind that when one in habeas corpus proceedings establishes his right to be released from custody and restraint by the respondent, that such determination does not preclude the imposition of a proper sentence in the original or other actions, in the same or other courts, or the imprisonment by another or others in another place or on other charges.

All re-sentence proceedings must be in the court and in the case where the initial sentence was imposed.

Prohibition does not lie, in this court or district courts, to prevent courts having jurisdiction of habeas corpus as outlined above from proceeding to grant or deny the relief requested.

Petitions for habeas corpus must be treated as such and granted or denied.

Previous pronouncements of this court to the contrary are overruled.

The judgment is reversed and the cause remanded with direction to discharge the petitioner and proceed as outlined above.

MR. JUSTICE McWILLIAMS concurs in the result.