Thomas Elton HOLDER,
Petitioner-Appellant,

v.

James C. RICKETTS, et al.,
Respondents-Appellees.

No. 81SA492.

Supreme Court of Colorado,
En Banc.

Sept. 7, 1982.
Rehearing Denied Sept. 27, 1982.

---

Thomas Elton Holder, petitioner-appellant, pro se.

J. D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for respondents-appellees.

QUINN, Justice.

Thomas Elton Holder appeals from a judgment denying his petition for a writ of habeas corpus, in which he sought release from a 1978 sentence to the Colorado State Penitentiary. Because the sentence is ambiguous and the record does not adequately permit us to determine whether Holder's present confinement is consistent with the terms of that sentence, we reverse the judgment and remand for further proceedings.

On October 23, 1978, the District Court of El Paso County sentenced Holder to the Colorado State Penitentiary for concurrent terms of ten to thirty years on two counts of aggravated robbery and a concurrent indeterminate term not to exceed ten years for the crime of conspiracy to commit ag-

gravated robbery. Although we do not have the benefit of a transcript of the sentencing hearing, it appears that Holder, when sentenced by the district judge, was already serving a sentence in Wyoming. The judgment, sentence and mittimus provided, in pertinent part, as follows:

"IT IS FURTHER ORDERED: that [j]urisdiction over the defendant is retained, and he shall be returned to this state upon release from confinement in Wyoming. It is further ordered that the Court may upon the defendant's return, order execution of the Colorado sentence as authorized by law.

"THEREFORE, IT IS ORDERED that the Sheriff of El Paso County shall convey the defendant to the Wyoming State Penitentiary at Rawlins, Wyoming ... and safely deliver him to the Superintendent of State Institution to be received and kept as provided by law."

Holder remained incarcerated in the Wyoming penitentiary until approximately May 1980, when the Wyoming authorities transferred him to the Colorado State Penitentiary. Holder's transfer was accomplished without any order of execution having been entered by the District Court of El Paso County. Pursuant to section 13–45–101, C.R.S.1973,[1] Holder filed a pro se petition for a writ of habeas corpus in the District Court of Fremont County. He claimed that his present confinement at the penitentiary was illegal because he was transferred to Colorado before completion of his Wyoming sentence, and also because the Colorado sentence expressly provided that the sentencing court may order execution upon his return to Colorado but no such order had been entered. The district court

---

1. Section 13–45–101(1), C.R.S.1973, provides as follows:

"If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme or district courts for a writ of habeas corpus, which application shall be in writing and signed by the prisoner or some person on his behalf setting forth the facts concerning his imprisonment and in whose custody he is detained, and shall be accompanied by a copy of the warrant of commitment, or an affidavit that the said copy has been demanded of the person in whose

custody the prisoner is detained, and by him refused or neglected to be given. The court to which the application is made shall forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail nor in any other manner relieved. Said writ, if issued by the court, shall be under the seal of the court, and directed to the person in whose custody the prisoner is detained, and made returnable forthwith."

denied the issuance of the writ. It found that Holder's present confinement was pursuant to the Colorado sentence of October 3, 1978,[2] and that the terms of the Colorado sentence were sufficient as a matter of law to permit Holder's continued confinement under that sentence. This appeal followed.

Holder does not challenge the legality of the Colorado sentence itself. Instead, his attack is directed to the legality of his present confinement pursuant to the Colorado sentence. His basic claim is that his present confinement is illegal because the execution of the Colorado sentence was stayed pending the issuance of a further order of the sentencing court authorizing the execution of the sentence. We agree that the Colorado sentence is ambiguous and that a remand for further proceedings is necessary to determine the legality of Holder's present confinement.

While the period of imprisonment authorized by the Colorado sentence is clear, we are unable to determine whether the sentencing court intended the Colorado sentence to commence upon Holder's release from confinement in Wyoming, or whether the sentencing court intended to stay the execution of the sentence conditioned on a further reconsideration hearing and the issuance of an order of execution as prerequisites to Holder's commitment. The critical provision of the sentence, namely, "the Court may upon the defendant's return order execution of the Colorado sentence as authorized by law," is susceptible to either interpretation.

Upon remand the district court must resolve the ambiguity in the Colorado sentence. If the transcript of the sentencing hearing or other evidence establishes that the sentence was intended to be self-executing upon Holder's release from confinement in Wyoming, then the court should enter appropriate findings of fact and deny Holder's petition for a writ of habeas corpus. If, on the other hand, the district

court determines that the sentencing judge intended to stay the execution of the sentence pending an order of execution to be issued only after a hearing conducted upon Holder's release from his Wyoming confinement, then Holder's present confinement would not be authorized at this time and the writ of habeas corpus should be made permanent. *Cf. In re Montez,* 149 Colo. 569, 370 P.2d 154 (1962) (habeas corpus available where petitioner imprisoned on a fine-only sentence). In that event, however, the underlying judgment of conviction would remain in full force and effect and Holder's status would be that of a convicted but unsentenced felon. The appropriate procedure under these circumstances would be for the district court to direct the sheriff to transport Holder to the District Court of El Paso County for a hearing to determine whether the sentencing court will order the execution of the Colorado sentence. *See Stilley v. Tinsley,* 153 Colo. 66, 87–88, 385 P.2d 677, 689 (1963). Upon completion of that hearing the District Court of El Paso County should prepare the appropriate order of sentence reflecting the action taken at the hearing. In the event that Holder is to be confined under the new order of sentence, an appropriate mittimus also should be prepared.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

---

**2.** One of Holder's claims on this appeal is that his present confinement in Colorado is illegal because he is actually serving his Wyoming sentence, rather than his Colorado sentence, at a Colorado institution. The district court's findings, however, are to the contrary. This question of fact having been resolved by the trial court, we do not address it on this appeal.