No. 18,215.

FRANK WALTON OATES *v.* PEOPLE OF THE
STATE OF COLORADO.

(315 P. [2d] 196)

Decided September 9, 1957.   Rehearing denied September 30, 1957.

Mr. PHILIP J. CAROSELL, attorney, Mr. FRED W. VARNEY, of counsel, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, Oates, will be referred to as defendant. He was named defendant in a criminal complaint in the justice court on November 14, 1956. This complaint charged in five counts offenses against the person of a young boy. The justice of the peace issued a warrant for the arrest of defendant and he was brought into the justice court on November 21, 1956. After entering a plea of not guilty, defendant waived a preliminary hearing and consented that he be bound over to the district court for trial. The district attorney filed the information in the district court and on November 27, 1956, a capias for the arrest of the defendant was issued out of the district court and defendant was placed in the county jail to await trial. On November 29, 1956, defendant entered a plea of not guilty and counsel was assigned to defend him. On December 6, 1956, counsel for defendant filed a motion to quash the information and the following day defendant withdrew his plea of not guilty. On December 11, 1956, counsel for defendant *filed in the criminal proceeding a petition* entitled "In the Matter of Frank Walton Oates for a Writ of Habeas Corpus." This petition set forth that the arrest of defendant was illegal because no warrant for his arrest had been issued; that the information had been filed without leave of court and that the complaining witness, who verified the criminal complaint, had no personal knowledge of the commission of the crime or crimes charged in the information — these being the same grounds urged in the motion to quash the information. On December 27, 1956, the motion to quash the in-

formation was denied, and the writ of habeas corpus was dissolved. From these rulings, defendant is here on writ of error.

The Attorney General has moved to dismiss the writ of error.

■ It is axiomatic that a writ of habeas corpus does not run against the People of the State of Colorado. In the instant case the writ was directed to the ex-officio sheriff of the city and county of Denver and the warden of the Denver jail. An application for a writ of habeas corpus is a civil action, independent of the criminal charge and is no part of the inquiry based on the information. We have on occasion in the interest of justice, granted relief in the correction of a sentence illegally or improperly imposed following conviction in a criminal case, the application in such matters often taking the form of a writ of habeas corpus. In the present case the trial court should not have entertained the petition for a writ in the first instance. Any other holding would enable every defendant in a criminal case to apply for a writ of habeas corpus as a part of his defense and thereby delay the trial until after a determination of the application had been reviewed by this court. We cannot allow the orderly procedure in criminal cases to be thus interrupted until intermediate questions have been determined. To do so would result in converting this court into a nisi prius tribunal.

■ Here it is patent that in the present status of the case the defendant stands unarraigned, untried, and no judgment has been entered. The matters sought to be reviewed relate to preliminary proceedings, which in the absence of a final judgment cannot be considered by this court.

Even a casual reading of the record discloses that the written consent of the trial judge to the filing of the charges appears on the face of the information and that defendant was arrested pursuant to a warrant duly issued. It cannot be said in such circumstances that de-

fendant was illegally restrained of his liberty. He was arrested and held in custody in accordance with law.

We find nothing in the record to justify the issuance of a writ of habeas corpus. Defendant stands charged with specific crimes, and until he has entered a plea, been tried and a verdict and judgment results, he cannot invoke the jurisdiction of this court to determine prematurely incidental matters and interlocutory orders.

For these reasons, the writ of error is dismissed.

MR. JUSTICE HOLLAND and MR. JUSTICE DAY not participating.