No. 18,805.

EDITH EVERY MARSHALL *v.* EDWARD O. GEER,
MANAGER OF SAFETY, ETC.
(344 P. [2d] 440)

Decided September 21, 1959.   Rehearing denied October 13, 1959.

Mr. BLAIR J. LAWTHER, Mr. GEORGE J. FRANCIS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is an action in habeas corpus in which the plaintiff in error, herein referred to as plaintiff, seeks to be released from the jail of the City and County of Denver wherein she was being held pursuant to a warrant issued by the Governor of the State of Colorado, pursuant to a requisition for extradition presented to the Governor of the State of Colorado by the Governor of the State of Oklahoma.

The plaintiff in her petition for a writ of habeas corpus alleges:

" * * * that the said arrest and restraining of petitioner is illegal, unlawful, and unwarranted; that she is not a fugitive from justice from another state; that no charge has been filed in any court of the state of Colorado against the said petitioner; that any alleged or pretended charge which may exist against your petitioner is without foundation, in fact or in law, and is insufficient to warrant or justify the illegal arrest, restraint and confinement of said petitioner."

The trial court issued its order granting the writ and directed the defendants to make return thereto and present the plaintiff in court.

The defendants filed their return and stated:

"That a Writ of Error involving the same questions of law as set forth in the Petition herein was dismissed in the Supreme Court of the State of Colorado, upon the motion of the Attorney General of the State of Colorado, which Motion to Dismiss was based upon the case of SELF vs. PEOPLE, 133 Colo. 524, 297 P. (2) 887, and that all matters and things alleged in the within Petition are res-judicata, as shown by the accompanying remittitur issued by the Supreme Court of the State of Colorado on May 13, 1958, marked respondents' Exhibit A and made a part of this return."

The plaintiff filed her reply stating that (1) the defendants' return was not filed within the time provided by statute, and as a result thereof plaintiff has been de-

nied due process of law; (2) that the issues herein have not previously been adjudicated.

Prior to trial the plaintiff filed a document titled "Motion for Change of Venue," which may have been intended as a motion for change of judge. This motion was denied, trial had and the court found that the questions presented had all been finally adjudicated as set forth in the return and ordered the writ of habeas corpus discharged and the plaintiff remanded to the custody of the defendants.

Plaintiff is here by writ of error seeking reversal and urges as reasons therefor: (1) the questions presented have not been adjudicated; (2) denial of plaintiff's "motion for change of venue"; (3) refusal to make writ permanent because of defendants' alleged late filing of return, and (4) finding that the plaintiff was a fugitive from justice.

We take up and dispose of these alleged errors in the order set forth above.

1. The issues presented in this case are identical with the issues presented in Case No. 43,488 in which a writ of habeas corpus was discharged and which case was brought to this court by writ of error, being Case No. 18,320 of this court, and which writ of error was dismissed and remittitur issued to the trial court. The effect of said dismissal left the judgment of the district court in full force and effect and constituted a final adjudication of the matters therein presented.

In *Seigler v. Canterbury,* 136 Colo. 413, 318 P. (2d) 219, a case of habeas corpus arising out of extradition proceedings, as in this case, this court said:

"We fail to understand any contention that might be made to the effect that the rule of res judicata does not apply in such proceedings. If laws, or rules of law, are to be respected they must be respectable. Where the later charge is identical and for the same and exact offense that was determined in the first demand, and is

adjudicated, then the doctrine or rule of res judicata applies with equal force as elsewhere."

The case at bar falls squarely within the following general rule, stated in 39 C.J.S. 699, §105:

"*Successive applications to the same court.* The same court will not ordinarily entertain successive applications for writs of habeas corpus based on the same ground and the same facts, or on other grounds or facts which existed when the first application was made whether or not they were presented at that time. Even where it does entertain a second application, it will be disinclined to depart from its former decision in the absence of circumstances making an entirely different case. The practice of making successive applications to the same court is one that should not be encouraged. While under certain circumstances the same court may deem itself warranted in entertaining a second application, yet it is manifest that a single member of the court is not warranted in granting the writ after it has been denied by the whole court. In case it is deemed advisable to apply to the same court for a second writ, the orderly and proper course is to apply to the court for leave to file a new petition."

2. Plaintiff's motion for change of venue is without merit. Plaintiff chose the court in which she wished to have her case tried. If the motion is considered as one for change of judge it is also without merit, there being no proof whatsoever to establish the charge of prejudice. There was no error in denying the motion, and to have filed such a motion without any semblance of proof of the very serious general charges therein contained does not commend itself to us.

3. As to the late filing of defendants' return. Plaintiff is in no position to now complain; plaintiff and her counsel were in court when the return was tendered for filing and made no objection to its being filed, in fact asked for and was granted two weeks from the filing

of the return to prepare and file her "reply to respondents' answer."

The plaintiff was admitted to bail the day following the filing of the petition and issuance of the writ of habeas corpus and is still free on bond, so it is quite understandable that plaintiff did not object to the alleged late filing of the return, the delay incident thereto and the added freedom enjoyed by plaintiff.

Though the statute and court orders may require the filing of a return in a certain form and within a certain time, noncompliance therewith does not serve to discharge the prisoner. The court has the power to compel compliance with the statute and its orders so that a just decision may be made, and should not blindly and arbitrarily release a prisoner, not entitled to release, because of a late return and answer or even because of total lack of a return or answer. It is stated in 39 C.J.S. 652, §88:

" * * * In some jurisdictions it is held that the court has no jurisdiction to proceed with the determination of an application for relief under a writ of habeas corpus in the absence of a return; but in other jurisdictions, while the better practice is to file a return, and although the courts are empowered to enforce obedience to the writ and require a return, they may proceed in a summary way to determine the cause on a verified and undenied petition; the failure to make a formal return will not invalidate a hearing on the merits, where no objection to the lack of a return was made, and want of a return will not impair the judgment rendered."

\* \* \*

"A mere failure to make a return does not operate to discharge the prisoner."

4. Counsel for plaintiff in his brief assigns as reversible error this action of the trial court:

"Ruling that the plaintiff in error was a fugitive from justice and not making permanent the writ of habeas corpus."

310

The record before us does not disclose that the trial judge made any such ruling but rather took the position that·all matters presented in this case were presented and finally adjudicated in Case No. 43,488, and that matters so determined cannot be again adjudicated.

Finding no merit in plaintiff's contentions, the judgment is affirmed.

MR. JUSTICE DAY not participating.