No. 19,861.

Melvie A. Bright, etc., *v.* Charles Foster,
Sheriff, et al.

(374 P. [2d] 865)

Decided October 1, 1962.

Mr. George A. Hinshaw, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. George W. Nicastro, Special
Assistant, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to plaintiff in error as petitioner and
to defendant in error Charles Foster as the sheriff.
Petitioner was arrested by the sheriff of Arapahoe

County on December 29, 1960, pursuant to a request by the sheriff of Ventura county, California, on the ground that he was a fugitive from justice from the State of California. He refused to waive extradition. In February 1961 a requisition for extradition and other papers originally submitted by the Governor of California were received by the district attorney of the county of Arapahoe and filed with the clerk of the district court in that county. Petitioner filed a petition for writ of habeas corpus which was granted, and an order was issued commanding the sheriff to appear before the district court of Arapahoe county and set forth the cause of his detention.

The petition upon which the writ issued contained an allegation that, " * * * the extradition papers are in error and contrary to the law of the State of Colorado in the following respects: * * *." Then follow eleven separately numbered paragraphs of typewritten matter much of which consists of allegations of facts which were wholly immaterial to any question which was properly before the district court. The district attorney moved to strike from the petition the immaterial matter. The trial court ordered stricken all except four paragraphs. Those which remained for consideration contain, in pertinent part, the following:

" * * * That this Petitioner departed the State of California in the month of July 1960 to secure new employment and in no wise did flee the State of California and at that time there was no criminal information filed against this Petitioner in any manner whatsoever and that he did not leave the State of California to avoid prosecution and is not now a fugitive from the State of California.

* * *

"9. That under the conditions as aforesaid the Petitioner could not have been present in the demanding State at the time of the commission of the alleged crime and that thereafter he fled from the State.

"10. That the form of the Warrant and Capias together with the Complaint and Information was and is defective in some material and substantive form required by the laws of the State of California, the demanding State.

"11. That further the Complaint and Information filed by the said Earl Vogt was and is defective in some material and substantive form as required by law in the State of Colorado."

May 26, 1961, a hearing was held before the district court of Arapahoe county, at the conclusion of which the writ of habeas corpus was discharged and the petitioner remanded to the custody of the sheriff.

The sheriff did not file any formal return to the writ. All the extradition papers received from the State of California were before the trial court and are specifically referred to in its findings. The attorney for petitioner argued the questions which he raised concerning the sufficiency of the documents included within the requisition received from the State of California and the court heard the evidence which was offered by him. No objection was made to a determination of the merits of the controversy on the ground that no formal return had been filed. The demand and requisition of the Governor of California and the necessary supporting documents were treated as the return of the sheriff.

As grounds for reversal of the judgment it is argued, inter alia, that:

"I. The trial court erred in making a final determination of the habeas corpus proceeding in the absence of a return to the writ issued by the court April 14, 1961.

"II. The trial court erred in denying the relief sought by petitioner because respondent Charles Foster failed to discharge his burden of proving detention pursuant to lawful authority."

It is strenuously argued by counsel for petitioner that:

"No final determination can be made in a habeas

562

corpus proceeding unless a return to the writ is filed by the person to whom the writ is directed."

█ The better, and approved, practice is for the sheriff to make a formal return to the writ which is served on him in which he makes reference to the extradition papers of the demanding state. In the instant case this procedure was not followed. Under the record as made, however, it is clear that the substantial rights of the petitioner were not adversely affected. The validity of petitioner's detention was determined without objection that the formal "return" had not been filed. All the grounds upon which petitioner contended that his detention was illegal were heard and ruled upon. Under these circumstances he cannot be heard to complain for the first time in this court that the sheriff should have made a formal "return" to the writ.

We have considered the other objections which are directed to the sufficiency of the extradition documents and find them to be without merit.

The judgment is affirmed.

Mr. Chief Justice Day and Mr. Justice Hall concur.