No. 20542.

In the Matter of the Petition of Robert Elmer Gallegos for a Writ of Habeas Corpus v. John M. Schooley as Manager of Safety, etc.

(393 P.2d 573)

Decided June 29, 1964.     Rehearing denied July 20, 1964.

Mr. CHARLES S. VIGIL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

JULY 3, 1962, Roger Elmer Gallegos filed his "Petition for a Writ of Habeas Corpus" in the district court of the City and County of Denver. The writ issued directing Schooley, the Manager of Safety of the City and County of Denver, to produce the body of petitioner before the court, and to make return to said writ.

Gallegos was brought before the court September 19, 1962, and on August 3, 1962, a hearing was had on the matters alleged in the petition, the pertinent allegations of which were denied in an instrument captioned "Return to the Petition for a Writ of Habeas Corpus." This document reads as follows:

"COMES NOW Bert M. Keating, District Attorney in and for the Second Judicial District in the State of Colorado, and for Return and Answer to the Petition for Writ of Habeas Corpus hereinabove filed admits, denies and avers:

"1. Admits the allegations contained in Paragraph One.

"2. Denies the allegations contained in Paragraphs Two and Three and for further answer alleges that the

Petitioner is lawfully confined and detained for the purpose of answering to the charge of Murder.

"BERT M. KEATING
"District Attorney
"By: Melvin Rossman
"Chief Deputy District Attorney."

Once more we must direct attention to the procedural impropriety involved in the filing of the above so-called "Return to the Petition for a Writ of Habeas Corpus." In *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677, we said:

"In habeas corpus proceedings the State is not a party, does not appear and is not represented. * * * Proper procedure to be followed by one claiming to be imprisoned without legal authority is to file a civil action seeking a writ of habeas corpus. Named as respondent should be the person 'in whose custody he is detained.' The People of the State of Colorado is not a proper party to such proceedings."

Neither of the persons to whom the writ was directed in the instant action made any return to the writ. The "return" filed by the district attorney was not presented by him as counsel for those to whom the writ was directed. The instrument filed by him indicates a misapprehension concerning his duty. The document itself appears under a misnomer. The "return" which can only be filed by the individuals to whom the writ is directed is a return to the writ and not a return to the petition.

Notwithstanding the foregoing improprieties the trial court conducted a hearing. Evidence was taken and the undisputed facts are that in the district court of the City and County of Denver, Gallegos was tried for and convicted of the crime of murder. On writ of error directed to that judgment this court affirmed the conviction. *Gallegos v. People,* 145 Colo. 53, 358 P.2d 1028. Thereafter the Supreme Court of the United States reversed the judgment, holding in effect that the written confes-

sion of Gallegos, to which reference is made in the above cited case, should not have been admitted because in obtaining same he had been denied due process of law. The case was remanded to the Supreme Court of Colorado which in turn remanded it to the district court for further proceedings in conformity with the opinion of the U. S. Supreme Court in *Gallegos v. State of Colorado,* 82 Sup. Ct. 1209.

The argument of counsel for Gallegos is grounded upon the following assertions made by him to the trial court at the hearing in this action:

"MR. VIGIL: This is the position we take, if the Court please: This Court can take cognizance of everything contained in that record [the record in the murder trial] under the doctrine of judicial notice. This is not new evidence. We are not discovering anything new. * * * "

*       *       *

"MR. VIGIL: It is our contention, briefly stated, that when the United States Supreme Court reversed the case based upon a violation of the Fourteenth Amendment — a violation of due process, which this was — the case then is held for naught for all purposes and the case is dismissed. That is our position as to what the reversal means. That is our contention.

"THE COURT: Although that isn't in the decision of the United States Supreme Court, is it?

"MR. VIGIL: No. That is not in the decision, but I think we can satisfy the Court from cases which have already been ruled on. We think that that is the law and that will be our argument, and based upon that contention, we feel that the Court in this case should follow the cases that have already been ruled on under the same set of circumstances. * * * "

The trial court did not agree with the above quoted argument of counsel and dismissed the habeas corpus proceedings. Gallegos was admitted to bail pending review on writ of error to this court.

In vacating the writ and dismissing the action

the trial court was correct. There is nothing in the opinion of the U. S. Supreme Court which prevents a new trial of Gallegos on the murder charge involved in *Gallegos v. People,* supra. We think it sufficient to direct attention to *Ashcraft v. Tennessee,* 322 U. S. 143, 88 L. Ed. 1192, and a second case under the same title reported in 327 U. S. 274, 90 L. Ed. 667, in which the Supreme Court of the United States under facts similar to those in the instant case, said, with reference to the same argument made herein, "We do not feel our mandate lends itself to such an interpretation."

The judgment is affirmed.