## No. 24805

**Robert E. Ede v. Harold Bray, Sheriff**
(495 P.2d 1139)

Decided April 10, 1972.

Norton Frickey, Russell E. Yates, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore,

Deputy, George E. DeRoos, Assistant, Richard G. McManus, Jr., Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

Robert E. Ede was charged with being a fugitive from the State of Washington in violation of C.R.S. 1963, 60-1-13. Following his arrest, he petitioned for a writ of habeas corpus alleging that he was not a fugitive from justice and that he was not the person named in the charging papers. A writ of habeas corpus issued, and a Colorado governor's warrant was then filed in the district court. A hearing was duly held, and the trial court discharged the writ of habeas corpus and ordered that Ede be extradited to the State of Washington. On appeal, Ede seeks reversal alleging that the respondent, Bray, failed to file a formal return to the writ of habeas corpus and did not adequately rebut the petitioner's evidence that he was not the person named in the fugitive warrant. We affirm the district court.

The issues in a habeas corpus proceeding are created by the writ of habeas corpus which is issued by the court and the return made by the person who has the defendant in custody. C.R.S. 1963, 65-1-1; *McNamara v. People,* 159 Colo. 139, 410 P.2d 517 (1966); *Bright v. Foster,* 150 Colo. 559, 374 P.2d 865 (1962). *See also, T. Borrillo, Colorado Practice, Criminal Practice and Procedure,* § 1314 (1971). When a writ is issued, the person to whom the writ is directed should file a return. *Gallegos v. Schooley,* 155 Colo. 215, 393 P.2d 573 (1964). The failure to file a return is inexcusable and has been condemned by this Court. *See Nieto v. People,* 160 Colo. 179, 415 P.2d 531 (1966); *Marshall v. Geer,* 140 Colo. 305, 344 P.2d 440 (1959).

However, the failure to file a return does not invalidate the habeas corpus hearing or operate to discharge the petitioner. *Ferrell v. Vogt,* 161 Colo. 549, 423 P.2d 844 (1967). The fact that the failure to file a return can be cured by what

occurs at the hearing is not an invitation to disregard the need for a return. A return in this case would have eliminated grounds for appeal and the need to fashion a return from what occurred at the hearing.

■ The petitioner in this case, and not the respondent, had the burden of going forward with clear and convincing evidence to prove that he was entitled to release because he was not in the demanding state at the time the alleged offense was committed or because he was not the person named in the extradition documents. *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971); *Osborne v. Van Cleave,* 166 Colo. 398, 443 P.2d 988 (1968).

■ In the absence of a return, the district court had to determine whether the facts alleged, if true, would provide a valid legal basis for the petitioner's release. *Osborne v. Van Cleave, supra; Shearer v. Patterson,* 159 Colo. 319, 411 P.2d 247 (1966). At the hearing, the testimony of the petitioner established that he was in fact the person charged in the papers filed by the State of Washington and that he was present within the State of Washington at the time the crime was allegedly committed. The issuance of the governor's warrant, which is a part of the record, is prima facie evidence that the petitioner is substantially charged with a crime and is a fugitive from justice. *Mote v. Koch,* 173 Colo. 82, 476 P.2d 255 (1970); *Fox v. People,* 161 Colo. 163, 420 P.2d 412 (1966). In addition, the documents substantially charged the commission of a crime in the State of Washington. *See Luker v. Koch, supra.* Under these circumstances, the petitioner failed to carry the burden of proof which was cast upon him.

Accordingly, we affirm the judgment of the district court which directed that the writ of habeas corpus be discharged and that the defendant be extradited to the State of Washington.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, and MR. JUSTICE GROVES concur.