No. 26295

**The People of the State of Colorado v. Steven Lent**
(529 P.2d 1317)

Decided January 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Epstein, Lozow & Preblud, Gary Lozow, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Appellant Lent filed a habeas corpus proceeding in Denver District Court to avoid extradition to the state of Idaho. He is charged there with the crime of escape, a felony. He is charged in Colorado with being a fugitive from the state of Idaho, under C.R.S. 1963, 60-1-13.

■ The caption of this case is misleading because the petition for writ of habeas corpus was filed in the extradition proceeding. Habeas corpus is an independent civil proceeding separate and apart from the case in which the criminal charge which initiates the extradition proceedings is filed. C.R.S. 1963, 60-1-13. *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969); *Buhler v. People,* 151 Colo. 345, 377 P.2d 748 (1963); *Oates v. People,* 136 Colo. 208, 315 P.2d 196 (1957).

■ Another procedural error which is noted, in the hope that both defense counsel and prosecutors will heed, was the initial designation of the governor as the respondent. The only proper respondent is the person who allegedly is detaining the petitioner unlawfully. Neither the governor nor the People of the State of Colorado is such a person. *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677 (1963). Even though the petitioner was admitted to bail, he was in the constructive custody of the sheriff, not the governor.

■ Either procedural error discussed above constitutes a ground for dismissal of the petition. However, because the district attorney consented to the filing of the petition in the criminal case when the question was raised by the court, and the court thereupon proceeded to a hearing on the merits of the petition, we will not invoke the usual penalty of dismissal.

■ At the hearing on the habeas corpus petition, Lent challenged the authenticity of the *signature* of the deputy prosecuting attorney of Ada County, Idaho, who signed an affidavit showing probable cause that the petitioner was an escapee from the state penitentiary, a document accompanying the governor's requisition. The trial court adjourned the hearing and allowed the district attorney two weeks in which to obtain *authentication* of the signatures of the deputy prosecuting attorney and the magistrate who notarized his signature.

At the adjourned hearing the respondent produced the authentication for the requested document. However, the petitioner chal-

lenged its sufficiency because the signatures were not authenticated by the Governor of Idaho.

Lent is here on appeal contending that "all" documents supporting the application for rendition by the governor of the demanding state must be authenticated *by the governor*. That is the sole issue here.

The extradition statute requires that the requisition from the governor be,

"accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before the magistrate there, together with a copy of any warrant which was issued there-upon; . . . . The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of *indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.*" C.R.S. 1963, 60-1-3.

The requirements of the statute are clear as to which of the documents accompanying the demand for extradition must be authenticated by the executive authority making the demand. They are, "the copy of indictment, information, affidavit, judgment of conviction or sentence." In other words, it is the charging document. Here the charging document was an *affidavit,* labeled — "Complaint — Criminal." The "affidavit" to which the petitioner objected was not the charging document and, hence, it was not necessary that it be authenticated by the Governor of Idaho. To whatever extent the challenged document may have been essential to the extradition proceedings, authentication by other officers authorized by the laws of Idaho was sufficient.

The judgment of the trial court is affirmed.

MR. JUSTICE GROVES concurs in the result only.