**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Alvin Harry CALYER, Defendant-Appellee.**

**No. 85SA152.**

Supreme Court of Colorado, En Banc.

May 18, 1987.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Sp. Deputy Dist. Atty., Denver, for plaintiff-appellant.

Warren, Mundt, Martin & O'Dowd, P.C., Robert B. Warren, John H. O'Dowd, Colorado Springs, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal an order of the El Paso County District Court granting Alvin Harry Calyer's habeas corpus petition for release from the custody of the Colorado Department of Corrections (the Department). The judge who initially sentenced Calyer to the custody of the Department entered the release order on the ground that Calyer had been incarcerated longer than authorized by the original sentence. We vacate the order and remand the case for further proceedings.

I

Calyer was convicted on March 3, 1978, of five counts of aggravated robbery and one count of theft. He had been imprisoned in Oklahoma since December 1975, and was transported from Oklahoma to Colorado to stand trial. On March 13, 1978, the sentencing judge imposed sentences of nineteen to twenty-nine years for each of the five aggravated robbery convictions and one sentence of indeterminate to nine years for the theft conviction. The mittimus required that "time to be served in the Oklahoma State Penitentiary be credited against the Colorado Sentence, i.e., that the Colorado Sentences are to be served concurrent with the present Oklahoma Sentence in all respects."

Calyer was returned to Oklahoma, completed the Oklahoma sentence, and was then transferred to the custody of the Department, effective January 2, 1980. At Calyer's request, the sentencing judge issued an amended mittimus in August 1980, specifying that the "time served in the Oklahoma State Penitentiary of 4 years 11 days" was to be credited against the Colorado sentences. That amount of time was ultimately credited to Calyer's Colorado

sentences by the Department. For reasons not clear from the record, an additional 811 days of presentence confinement were also credited to Calyer's Colorado sentences. With these and other credits for statutory good time, meritorious time and trusty time earned or expected to be earned under section 17–22.5–201, 8A C.R.S. (1986), the Department calculated that as of January 14, 1985, Calyer's projected parole eligibility date was June 25, 1985.

On February 15, 1985, while incarcerated in the Department's Camp George West facility in Golden, Colorado, Calyer filed a petition for writ of habeas corpus in the El Paso County District Court, pursuant to section 13–45–101, 6 C.R.S. (1973), against respondent "Chase Riveland Executive Director Department of Corrections Et Al." The petition alleged that the Department had improperly calculated credits to Calyer's sentences and that he was being illegally incarcerated past his parole eligibility date. The petition was filed in case number 23359, the original 1978 criminal case, and was assigned to the judge who had imposed Calyer's sentences. On February 22, 1985, the sentencing judge issued writs of habeas corpus to the Superintendent of the Department at Canon City and the Sheriff of El Paso County. The writ stated as follows:

> You are ordered to present, for proceedings before this Court on the 4th. day of March, 1985, at 2:00 P.M., the following person: ALVIN H. CALYER, Register Number 45975, Colorado Correctional Center, 1500 Golden Road, Golden, Colorado and return said person to your custody thereafter.

On March 4, 1985, Calyer appeared before another judge of the El Paso County District Court, who was hearing the matters set for that day on the sentencing judge's docket. Noting on the record that the respondent had not been served and was unrepresented, this judge stated that the original pleadings should have been served on the Attorney General, as representative of the Department, so that the respondent would have notice and opportunity to respond, and continued the hearing to March 11, 1985, before the sentencing judge.

The sentencing judge conducted a hearing on March 11, 1985, at which the respondent was again unrepresented. At the beginning of the hearing, the sentencing judge stated that he had "signed a writ of habeas corpus ordering that cause be shown as to why Mr. Calyer should be further incarcerated." Upon hearing no objections from an assistant district attorney who was present, Calyer was ordered released without parole pursuant to section 13–45–103(2)(b), 6 C.R.S. (1973).

A motion for reconsideration and clarification of the order was filed, which motion was denied. In denying the motion, the sentencing judge stated that notice to the district attorney was sufficient notice to "*all* involved in State administrative authority" and that the assistant district attorney who was present at the March 11, 1985, hearing was allowed to state his opposition to the petition. This order also referred to "Rule 35(c), Colorado Rules of Criminal Procedure, as the basis for the granting of habeas corpus relief."

## II

The United States Constitution, art. I, § 9, and the Colorado Constitution, art. II, § 21, guarantee the privilege of the writ of habeas corpus. Since 1861 our General Assembly has provided specific procedures for the application for and issuance of writs of habeas corpus. 1868 Rev.Stat. of Colo. 351, ch. XLI; Act of Nov. 7, 1861, Territorial Laws of Colo. 353. The current Habeas Corpus Act is set forth in sections 13–45–101 to –121, 6 C.R.S. (1973 & 1986 Supp.) (the Act).[1]

---

1. In 1971, the Colorado General Assembly enacted the precursor to section 18–1–410, 8B C.R.S. (1986). Ch. 121, sec. 1, § 40–1–510, 1971 Colo. Sess.Laws 402. The statute was designed to implement the "Minimum Standards for Criminal Justice" promulgated by the American Bar Association and was patterned after the 1966 version of the Uniform Post-Conviction Procedure Act of the National Conference of Commissioners on Uniform State Laws. *See* Comment by Revisor of Statutes, 1963 C.R.S. § 40–1–510 (1971 Perm.Supp.); D. Wilkes, *Federal and State*

A prisoner contesting the legality of his detention pursuant to the Act may commence a proceeding thereunder by filing a petition for writ of habeas corpus in any appropriate district court. § 13–45–101(1); *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677 (1963). When a habeas corpus petition is filed, the court shall issue a writ unless the petition or supporting documents indicate that no relief is available. The writ "shall be … directed to the person in whose custody the prisoner is detained, and made returnable forthwith." § 13–45–101(1).

Section 13–45–101(2) establishes certain time periods within which a respondent must "make return of the writ and bring, or cause to be brought, the body of the prisoner before the court which granted the writ and *certify the true cause of his imprisonment....*" (emphasis added). The return is a return to the writ, not to the petition, and must be filed by the individual to whom the writ was directed. *Ede v. Bray,* 178 Colo. 99, 495 P.2d 1139 (1972); *Gallegos v. Schooley,* 155 Colo. 215, 393 P.2d 573 (1964).[2] When the return is filed, the court must set a date for a hearing to determine the basis for the petitioner's imprisonment and whether the prisoner is properly detained. The "person who holds [the petitioner] in custody" is entitled to be heard at the hearing. § 13–45–103(1); *see* T. Borillo, *Colorado Practice, Criminal Practice and Procedure* § 1315 (1971).

■ Habeas corpus proceedings commenced pursuant to the Act are civil actions. *E.g., Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691 (1961); *Geer v. Alaniz,* 137 Colo. 432, 326 P.2d 71 (1958). They are independent of any proceedings directly related to any underlying criminal charges. *People v. Lent,* 187 Colo. 248, 529 P.2d 1317 (1975); *Oates v. People,* 136 Colo. 208, 315 P.2d 196 (1957). Because a habeas corpus petition filed pursuant to the Act initiates a special statutory proceeding, the Colorado Rules of Civil Procedure govern the proceeding insofar as they are consistent with the procedures delineated in the Act. *E.g., Evans v. District Court,* 194 Colo. 299, 572 P.2d 811 (1977); *Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691. The proper respondent is that person allegedly restraining the liberty of the petitioner, not the People of the State of Colorado. *Oates v. People,* 136 Colo. 208, 315 P.2d 196; *see also People v. Lent,* 187 Colo. 248, 529 P.2d 1317; *Gallegos v. Schooley,* 155 Colo. 215, 393 P.2d 573; *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677; *Lowe v. People,* 139 Colo. 578, 342 P.2d 631 (1959).

■ Calyer commenced this habeas corpus proceeding by filing a petition pursuant to section 13–45–101 expressly naming the executive director of the Department as respondent. The writ issued in response to the filing of the petition required Calyer to be presented for a hearing and then returned to custody. The writ was in effect a writ of habeas corpus ad testificandum, requiring the presence of the petitioner for a judicial proceeding but in no manner indicating the nature of the proceeding. *See* Borillo at § 1303. It did not require certification of the true cause of Calyer's imprisonment, nor did it contain any reference to the Act, contrary to the requirements of section 13–45–101(2).[3] Nothing in the lan-

---

*Postconviction Remedies and Relief* § 9–5, App. A (1983); *Unif. Post-Conviction Procedure Act* § 1, 11 U.L.A. 485 (1966); ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Post-Conviction Remedies* (Approved Draft 1968) (superseded by ABA Standards for Criminal Justice, *Post-Conviction Remedies* ch. 22 (1980 & 1986 Supp.)). This statute enlarged the postconviction remedies available from the trial court that enters judgment in a criminal proceeding. Persons who seek relief from judgments or release from incarceration may seek relief under this statute by filing an application for postconviction review pursuant to Crim.P. 35(c). One ground upon which such a motion may be premised is that the "sentence imposed has been fully served." § 18–1–410(1)(h); Crim.P. 35(c)(2)(II). Calyer's petition was filed pursuant to § 13–45–101, not pursuant to § 18–1–410.

**2.** However, the absence of a return neither invalidates the habeas corpus proceeding nor operates to discharge the prisoner. *Ede v. Bray,* 178 Colo. 99, 495 P.2d 1139; *Ferrell v. Vogt,* 161 Colo. 549, 423 P.2d 844 (1967); *Marshall v. Geer,* 140 Colo. 305, 344 P.2d 440 (1959).

**3.** Section 13–45–101(2) states as follows:

To the intent that no officer, sheriff, jailer, keeper, or other person to whom such writ is

guage of the writ may fairly be construed as providing notice of the nature of the proceeding.

 Adult offenders sentenced to incarceration upon conviction of a felony are generally sentenced "to the custody of the executive director of the department of corrections." § 16–11–301(1), 8A C.R.S. (1986). The writ in this case was neither addressed to nor served upon the Department, its director or the Attorney General. The writ was served upon the superintendent of the Department's Canon City facility, who is responsible for the prisoners incarcerated therein and might arguably be deemed an agent of the Department for purposes of service of process. However, that superintendent had no responsibility for supervising Calyer's conduct at Camp George West and, therefore, was not the proper respondent for purposes of the Act. The executive director of the Department was the proper respondent, as Calyer's initial petition indicated.

The April 25, 1985, order denying the motion to reconsider contained the statement that notice to the district attorney was sufficient notice to *"all* involved in State administrative authority" and that Calyer had been released "pursuant to rule 35(c)." Calyer's petition was not filed pursuant to Crim.P. 35(c) or section 18–1–410, 8B C.R.S. (1986). Although the petition was assigned the case number of the original 1978 criminal action, Calyer's petition in fact commenced a new civil action, as authorized by section 13–45–101.

The writ issued in this case did not comply with the requirements of section 13–45–101, did not contain adequate notice of the nature of the pending proceeding, and was not served on the proper respondent. Accordingly, the order purporting to release Calyer is invalid.[4]

### III

For the foregoing reasons, the trial court's order is vacated and the case is remanded for further proceedings consistent with this opinion.

---

directed may pretend ignorance thereof, every writ shall be endorsed with the words "by the habeas corpus act". When the writ is served by any person upon the sheriff, jailer, or keeper, or other person to whom the same is directed, or brought to him, or left with any of his under officers or deputies at the jail or place where the prisoner is detained, he or some of his under officers or deputies, upon payment or tender of the charges of bringing the said prisoner, to be ascertained by the court awarding the said writ and endorsed thereon not exceeding fifteen cents per mile and upon sufficient security given to pay the charges of carrying him back if he is remanded, shall make return of the writ and bring, or cause to be brought, the body of the prisoner

before the court which granted the writ and certify the true cause of his imprisonment within three days thereafter, unless the commitment of such person is in a place beyond the distance of twenty miles from the place where the writ is returnable; if it is beyond the distance of twenty miles and not above one hundred miles, the writ shall be returned within ten days and if beyond the distance of one hundred miles, within twenty days after the delivery of the writ, and not longer.

4. Because the order is invalid, we do not address the People's separate argument that the portion of the order prohibiting parole supervision is unauthorized.