**Joseph BLEA, Petitioner–Appellant,**

**v.**

**COLORADO BOARD OF PAROLE, and Colorado Department of Corrections, Respondents–Appellees.**

**No. 88SA69.**

Supreme Court of Colorado, En Banc.

Oct. 2, 1989.

1354

Joseph Blea, Canon City, pro se petition-er-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Marleen Langfield, Asst. Atty. Gen., Denver, for respondents-appellees.

Justice MULLARKEY delivered the Opinion of the Court.

Petitioner Joseph Blea appeals *pro se* from the Fremont County District Court's denial of his application for a writ of habeas corpus. We have jurisdiction over this appeal pursuant to section 13–4–102(1)(e), 6A C.R.S. (1987). The district court denied habeas corpus relief because Blea had failed to name the proper respondent in his petition. Although we reject the trial court's procedural ruling, we affirm its order denying habeas corpus on the merits of the case.

I.

Blea is serving concurrent twenty to twenty-five and zero to ten year terms of imprisonment in the Colorado Department of Corrections for a conviction in the Denver District Court in January of 1977. Blea was released on parole on January 22, 1985, and his parole was revoked on October 10, 1985 upon a determination by a single member of the Colorado Board of Parole (parole board or board) that he had violated the "weapons" condition of his parole. Blea requested appellate review by the parole board of his revocation pursuant to section 17–2–201(9)(c), 8A C.R.S.1986, but his request was denied by the parole board. Later, it came to the attention of the parole board that it did not have authority to deny the request and an appeal hearing was conducted on June 16, 1986. Following the appeal hearing, the board determined that Blea was entitled to a new revocation hearing because Blea's request for a continuation at the initial revocation hearing was erroneously denied.

Prior to the new revocation hearing, however, Blea filed a petition for writ of habeas corpus in Fremont County District Court

challenging the validity of his incarceration pending the revocation hearing. A new revocation hearing was held on September 5, 1986 and an order revoking his parole was issued on September 8. Meanwhile, a hearing on Blea's petition for writ of habeas corpus was held on September 8 and the writ was discharged by the court. The court held that the issues were moot because a revocation hearing had been held in which Blea's parole was revoked.

On April 1, 1987 Blea filed another petition for writ of habeas corpus which is the subject of this appeal. In his second petition, Blea challenged the validity of his incarceration and requested that he be discharged from confinement. Blea's new petition was based on allegations that the September 5 revocation hearing did not result in the revocation of his parole but rather, at the request of the board, the hearing was continued until September 12. Thus, Blea contends that the parole board's mittimus/finding and order dated September 8 which revoked his parole was a misrepresentation by the board in order to defeat his habeas corpus action.

The district court denied the petition for habeas corpus relief because Blea had failed to name the superintendent of the facility in which he was confined as the respondent. Although Blea attempted to amend his petition with the correct name of the superintendent, his motion was denied. The court noted that even if such an amendment were allowed, it would deny the petition on the merits. Blea appeals from the district court's denial of his habeas corpus relief claiming that such a denial due to a technical error was unconstitutional.

## II.

A habeas corpus proceeding is limited in scope and "is intended to resolve the issue of whether the person in custody is lawfully detained." *Eathorne v. Nelson,* 180 Colo. 288, 292, 505 P.2d 1, 3 (1973). The statutes governing a petition for writ of habeas corpus are found in sections 13–45–101 to –117, 6A C.R.S. (1987). According to section 13–45–101(1), the petition for a writ of habeas corpus must set forth the person "in whose custody [the petitioner] is detained." Therefore, the proper respondent in a habeas corpus action is the official allegedly restraining the liberty of the petitioner. *People v. Calyer,* 736 P.2d 1204, 1207 (Colo.1987); *see also Gallegos v. Schooley,* 155 Colo. 215, 393 P.2d 573 (1964); *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677 (1963). Section 16–11–308(1), 8A C.R.S. (1986), provides that an inmate sentenced to a correctional facility is deemed to be in the custody of the executive director of the Department of Corrections or his designee.

In his petition for a writ of habeas corpus filed April 1, 1987, Blea named as respondents the Colorado Board of Parole and the Colorado Department of Corrections. Under the statute, either the executive director of the Department of Corrections or H. Benny Johnson, the superintendent of the correctional facility in which Blea was confined, would have been the proper respondent.

In this case, the trial court apparently acted on its own motion when it denied Blea's habeas corpus petition for failure to name the proper respondent. Upon being notified of the court's order, Blea promptly moved to amend his complaint to add H. Benny Johnson as the respondent, and that motion was denied. This ruling was in error.

Under C.R.C.P. 15(a), a pleading may be amended as of right before a responsive pleading is filed. Here, no responsive pleading was made, and Blea should have been permitted to amend his petition. *See Eagle River v. District Court,* 647 P.2d 660 (1982). The record shows that the pleadings had been served on Superintendent Johnson and, thus, the pleading error was a technical violation which caused no harm to the proper respondent.

Even though Blea's petition should not have been denied on procedural grounds, we find that the denial was proper because his petition was without merit. The trial record reveals that, although the exact date of Blea's revocation hearing may be

unclear,[1] a revocation hearing was in fact held. Blea was represented by counsel at that hearing and was given the opportunity to make his case.

 Although Blea's petition raises the issue of delay by the parole board, the occurrence of the revocation hearing, whether or not it was timely, renders his petition moot. *Cf. People v. Clark,* 654 P.2d 847, 848 (Colo.1982) (person held for probation violation may be ordered released temporarily if not brought to hearing within statutory time but revocation proceeding not properly dismissed). Thus, since Blea did not file this petition until after his revocation hearing, the appropriate remedy for delay—release from custody pending a revocation hearing—was no longer available. Furthermore, Blea does not demonstrate that the delay in conducting the revocation hearing caused him any prejudice. Therefore Blea could not assert that the delay denied him sufficient due process. *See McNeal v. United States,* 553 F.2d 66, 68 (10th Cir.1977) ("delay, per se, does not constitute a violation of due process entitling an accused parole violator to immediate release ... for a parolee to establish a legal right to habeas relief, the delay, taking into consideration all the circumstances, must also be prejudicial.").

 Finally, Blea is precluded from bringing successive habeas corpus actions involving essentially the same claims. Although in the present petition Blea questions the dates of the hearing and alleges manipulation of the hearing process, his primary claim is that he was denied a hearing. Because that contention could have been addressed in his first habeas corpus petition, he may not bring a second such petition. *See Marshall v. Geer,* 140 Colo. 305, 308, 344 P.2d 440, 441–442 (1959) ("the same court will not ordinarily entertain successive habeas corpus applications for writs of habeas corpus based on the same ground and the same facts, or on other grounds or facts which existed when the first application was made whether or not they were presented at that time" (citation omitted)).

For these reasons, we conclude that Blea was not denied a revocation hearing and that the district court did not err in denying his petition for habeas corpus. The order of the district court is affirmed.

---

1. An affidavit by a member of the parole board states that the revocation hearing was held on September 5, 1986 where it was determined to revoke parole. The cause of the confusion is a board mittimus/finding and order, a standardized form, which stated "Whereas the above named Parolee has *this day* appeared before the Parole Board ..." (emphasis added). Because the mittimus/finding and order was signed on September 8, one could infer that the hearing took place that day.