**Gary L. WIEDEMER,**
**Petitioner–Appellant,**

v.

**The PEOPLE of the State of Colorado,**
**Respondent–Appellee.**

**No. 88SA384.**

Supreme Court of Colorado,
En Banc.

Dec. 4, 1989.

Rehearing Denied Jan. 16, 1990.

Gary L. Wiedemer, Denver, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., and Terrence A. Gillespie, Asst. Atty. Gen., Human Resources Section, Denver, for respondent-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

This is an appeal of a denial of a petition for writ of habeas corpus and we have jurisdiction pursuant to section 13–4–102(1)(e), 6A C.R.S. (1987). The appellant, Gary L. Wiedemer, seeks his unconditional release from the custody of the Department of Corrections (the Department). First, Wiedemer argues that his good time and earned time credits are irrevocable and thus preclude his reincarceration for a parole violation. Second, Wiedemer claims that he should have been discharged because he did not receive an answer to his

petition for writ of habeas corpus within the twenty days required by statute. Third, Wiedemer claims that he should have been credited with prehearing time served prior to the revocation of his parole. We rejected Wiedemer's first argument in a companion case to this case, *Bynum v. Kautzky*, 784 P.2d 735 (Colo.1989). We also reject Wiedemer's other arguments and affirm the decision of the district court.

### I.

On October 10, 1985, Wiedemer was sentenced to a term of four years in the custody of the Colorado Department of Corrections, plus a period of parole, following his plea of guilty to the unlawful distribution, manufacturing, dispensing, sale or possession of a Schedule 5 controlled substance, a class 5 felony, committed on November 21, 1984. On July 10, 1987, Wiedemer was paroled for a period of three years. On January 21, 1988, he was arrested and charged with third-degree burglary. Bond was set at $7,500 and a parole hold placed on him in the Denver County Jail. On January 28, 1988, Wiedemer was charged on a parole revocation complaint with the violation of a condition of his parole, based on the underlying criminal offense of burglary. On February 25, 1988, a hearing was held on the revocation complaint and Wiedemer was found guilty of violating the conditions of his parole. The parole was revoked for a period of one year. On May 2, 1988, Wiedemer was ordered re-paroled effective August 25, 1988, to the Denver detainer for a period of three years. Wiedemer remains on parole. However, he apparently is being held in Denver County Jail on pending charges.

Wiedemer filed his petition for writ of habeas corpus on July 6, 1988, claiming that his reincarceration for violating his parole was illegal. On July 20, 1988, Wiedemer filed a motion seeking credit for time served between his arrest on January 21, 1988, and the revocation of his parole on February 25, 1988. The district court consolidated that motion with the petition for writ of habeas corpus and denied both on August 10, 1988. Wiedemer appealed both decisions.

### II.

■ Wiedemer claims that the district court should have granted his petition for writ of habeas corpus for several reasons. First, he argues that by their plain meaning the statutes governing parole and sentencing preclude the reincarceration of an inmate whose time actually served, together with vested good time and earned time credits, equals the sentence originally imposed. We considered and rejected that argument in *Bynum v. Kautzky*, which is dispositive of Wiedemer's first claim.

■ Wiedemer also claims that he should have been discharged because he did not receive a timely return to his petition for a writ of habeas corpus within twenty days as required by section 13–45–101(2), 6A C.R.S. (1987). However, Wiedemer misunderstands the return requirement of section 13–45–101(2). The "return" referred to in that section is the return of the writ, not the return of the petition for the writ. *People v. Calyer*, 736 P.2d 1204, 1206 (Colo.1987). That provision is only applicable if the court issues the writ. Section 13–45–101(1) requires the court to issue the writ unless the petition or supporting documents indicate that no relief is available. *Id.* Here, the court did not issue the writ, thus Wiedemer had no right to a return of the writ.

■ Wiedemer also alleges that the trial court should have granted him credit for confinement time served prior to his parole revocation hearing. We disagree. Relevant to this question is section 17–22.5–203(1), 8A C.R.S. (1986), which provides:

**Time of parole not considered when inmate is reincarcerated.** (1) The paroled inmate, upon an order of the state board of parole, may be returned to the custody of the department according to the terms of his original sentence, and, in computing the period of his confinement, *the time between his release and his return to said custody* shall not be considered any part of the term of his sentence.

(Emphasis added.)

The Department argues that the phrase "return to said custody" refers to the time

of parole revocation. In *Santisteven v. Johnson,* 751 P.2d 621 (Colo.1988), we agreed with the Department's interpretation of that phrase. In *Santisteven,* the appellant, while serving time on parole, was arrested and charged with committing additional offenses. While the appellant was being held on those unrelated charges, the Department filed a parole detainer against him. When the Department subsequently revoked his parole, the appellant sought credit for his time served between his arrest and his parole revocation. We held that the Department acted properly in granting credit only for the time served subsequent to the defendant's parole revocation. *Santisteven,* 751 P.2d at 621–22, n. 6. Thus, Wiedemer's argument that he must be given credit for time served prior to his parole revocation, while being held on an unrelated charge, must be rejected. The time he spent incarcerated following his arrest on that charge until his parole was revoked will be credited against his sentence in that case, should he be convicted. *Santisteven,* 751 P.2d at 626. We find that the trial court did not err in denying Wiedemer credit for the prehearing time served.

Wiedemer also claims that it was beyond the jurisdiction of the trial court to include in his original sentence a one year period of parole. This is so because for crimes committed on or after July 1, 1984, sections 18–1–105(1)(a)(II)–(IV), 8B C.R.S. (1986), do not authorize the imposition of a period of parole as part of a sentence. *Quereshi v. District Court,* 727 P.2d 45 (Colo.1986). However, our review of the record indicates that the district court recognized this error and corrected the mittimus to delete the parole portion of Wiedemer's sentence. Thus we find no error.

The order of the district court denying the defendant's petition for writ of habeas corpus is affirmed.