Frank J. ZABORSKI, Jr.,
Petitioner–Appellee,

v.

COLORADO DEPARTMENT OF COR-
RECTIONS; Colorado State Board of
Parole; and the Restitution Center of
Greeley, Respondents–Appellants.

No. 90SA316.

Supreme Court of Colorado,
En Banc.

June 3, 1991.

No appearance by petitioner-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Barbara L. Widick, First Asst. Atty. Gen., Denver, for respondents-appellants.

Chief Justice ROVIRA delivered the Opinion of the Court.

The Colorado Department of Corrections (Department), appeals the order of the district court granting petitioner Frank J. Zaborski's petition for writ of habeas corpus. We have jurisdiction of this case pursuant to section 13–4–102(1)(e), 6A C.R.S. (1987). The court ruled that the Department's failure to appear at the hearing was a confession of the writ of habeas corpus and ordered the petitioner released. We vacate the order and remand the case for further proceedings.

I

Zaborski was sentenced to two years imprisonment for attempt to commit theft, a class 5 felony. The sentence was to run concurrently with a sentence he received for violating parole. Zaborski's parole was revoked commencing on June 29, 1989 and

the Department established his parole eligibility date as June 25, 1990, and his statutory discharge date as July 25, 1991.

Zaborski filed a petition for writ of habeas corpus on June 18, 1990, against the Department, the Colorado State Board of Parole, and the Restitution Center of Greeley (respondents), alleging that his sentence had been fully served based upon good time and earned time credits as defined in sections 17–22.5–301 and 302, 8A C.R.S. (1986). The trial court denied the petition without prejudice to its renewal because it was not accompanied by either a judgment and mittimus, other warrant of commitment, or an affidavit reflecting that such documents had been requested by petitioner and denied by respondents. The petitioner filed a supplement to the petition containing the necessary documents. The petition was accompanied by an undated and unsigned certificate of service, stating that petitioner had effectuated service of the petition upon the Weld County District Attorney by delivery and upon the Colorado Attorney General's office by mail. The supplement was accompanied by a certificate of service stating that petitioner had effectuated service of the supplement upon the Weld County District Attorney by delivery and upon the Colorado State Attorney General's Office by mail on June 19, 1990.

By order dated June 21, 1990, the trial court, finding that the petitioner may be entitled to release, bail, or other relief, directed the respondents to make return of the writ and deliver the petitioner to the court on June 25, 1990. On June 25th, the trial court, after noting the presence of the petitioner and counsel for the Restitution Center of Greeley, continued the hearing until July 2, 1990, and ordered the division clerk to "complete notice and service requirements."

On June 26, 1990, the division clerk prepared a notice of hearing which advised the respondents of the July 2nd hearing date. She then sent the notice of hearing, the writ of habeas corpus, and the court's order of June 21, 1990 to the Sheriff of Weld County with instructions to serve the Restitution Center in Greeley, Colorado, and to serve the Department, and the Colorado State Board of Parole by delivering copies to the Office of the Attorney General in Denver, Colorado. The record reflects that the documents were served on the Restitution Center on June 27, 1990. There is no evidence in the record of service on the Department, the State Board of Parole, or the Attorney General.

At the hearing on July 2, 1990, the trial court, after noting the appearance of the petitioner and counsel for the Restitution Center and the absence of the other respondents or their counsel, found that proper service was effectuated because the writ of habeas corpus, notice of hearing, and a copy of the court's file of the cause, were mailed by certified mail, return receipt requested, to the Office of the Attorney General, the Executive Director of the Colorado Board of Parole, and the Executive Director of the Department of Corrections. The district court granted the petition for writ of habeas corpus and ordered the petitioner released based on the Department's failure to appear at the hearing and contest petitioner's contentions. The Department moved for reconsideration on the grounds that the petitioner failed to comply with section 13–45–101(2), 6 C.R.S. (1987), and C.R.C.P. 4(e)(10)(B), and, as a result, the order of release was invalid.

## II

A habeas corpus proceeding is a civil action commenced pursuant to the Habeas Corpus Act, sections 13–45–101 to –119, 6A C.R.S. (1987). A habeas corpus proceeding is intended to resolve the issue of whether the person in custody is lawfully detained. *Blea v. Colorado Bd. of Parole*, 779 P.2d 1353, 1355 (Colo.1989).

■ A petition for writ of habeas corpus must set forth the person in whose custody the petitioner is detained. § 13–45–101(1). Thus, the proper respondent in a habeas corpus action is the official allegedly restraining the liberty of the petitioner. *Blea*, 779 P.2d at 1355. When a person is sentenced to a correctional facility, as petitioner here was, he is deemed to be in the

custody of the executive director of the Department, or his designee. § 16–11–308(1), 8A C.R.S. (1986).

■ The Habeas Corpus Act provides that the writ is to be served upon the person in whose custody the petitioner is detained, or may be left with his underofficers or deputies at the jail or place where petitioner is detained. § 13–45–101(2). Proper service upon the person who has custody of the petitioner is required for the granting of a petition for writ of habeas corpus. *See also People v. Calyer*, 736 P.2d 1204, 1208 (Colo.1987).

■ The Colorado Rules of Civil Procedure regulate habeas corpus proceedings when not inconsistent or in conflict with the provisions of the Habeas Corpus Act. *E.g., Calyer*, 736 P.2d at 1207; *Evans v. District Court*, 194 Colo. 299, 302, 572 P.2d 811, 813 (1977). The applicable rule governing proper service provides:

> Personal service within the state shall be as follows ... upon an officer, agent, or employee of the state, acting in his official capacity, by *delivering* a copy thereof to the officer, agent, or employee, and by *delivering* a copy to the attorney general, or to any employee in his office designated by him to accept service of process.

C.R.C.P. 4(e)(10)(A) (emphasis added).

■ C.R.C.P. 4(e)(10)(A) is consistent with the Habeas Corpus Act. Thus, to effectuate proper service in a habeas corpus action, the writ must be delivered to the executive director of the Department, or to his designee, and to the attorney general.

■ Personal service is required to confer jurisdiction over a party to an action, whenever it is obtainable. *Weber v. Williams*, 137 Colo. 269, 276, 324 P.2d 365, 369 (1958); *Havens v. Hardesty*, 43 Colo. App. 162, 164, 600 P.2d 116, 118 (1979). In a habeas corpus proceeding, "[a] jurisdictional requirement cannot be waived; the respondent court cannot confer jurisdiction upon itself." *Evans*, 194 Colo. at 302, 572 P.2d at 813. Here, only the Restitution Center of Greeley received personal service of any of the documents. The writ in this case, like that in *Calyer*, was not personally served upon the Department or its director or upon the Attorney General. The trial court erred in ruling that proper service was effectuated on the Department because service did not comply with the requirements of section 13–45–101(2) of the Habeas Corpus Act and C.R.C.P. 4(e)(10)(A). Thus, the trial court failed to obtain jurisdiction over the Department.

Accordingly, the trial court's order is vacated and the case is remanded for further proceedings consistent with this opinion.