23CA1742 Peo v Lansky 11-14-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1742
El Paso County District Court No. 07CR547
Honorable Samuel A. Evig, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Valdamar Lansky,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Valdamar Lansky, Pro Se

¶ 1   Defendant, Valdamar Lansky, appeals the postconviction court's order denying his "petition for state writ of habeas corpus," which the court construed as his second Crim. P. 35(c) motion. We affirm.

## I.   Background

¶ 2   In 2008, a jury found Lansky guilty of two counts of sexual assault on a child and two counts of sexual assault on a child by one in a position of trust. The jury also found that he committed all four offenses as part of a pattern of abuse. The trial court found that Lansky was a habitual sex offender against children and sentenced him to thirty-six years to life in prison.

¶ 3   On direct appeal, a division of this court affirmed the judgment. *See People v. Lansky*, (Colo. App. No. 08CA2255, July 29, 2010) (not published pursuant to C.A.R. 35(f)). The mandate was issued in 2010.

¶ 4   In 2013, Lansky filed his first pro se Crim. P. 35(c) motion, in which he raised numerous claims of trial court error, prosecutorial misconduct, and ineffective assistance of his trial counsel. The court issued a written order denying the motion without a hearing. Over a year later, Lansky appealed the order. A division of this

court dismissed the appeal with prejudice because Lansky had not shown good cause for failing to timely appeal the order.

¶ 5　More than eight years later, in 2023, Lansky filed his "petition for state writ of habeas corpus." He again raised numerous claims of trial court error, prosecutorial misconduct, and ineffective assistance of his trial counsel. He also asked the postconviction court to conduct a "forensic review" of his claims by comparing them to the trial transcripts. Further, he requested that the court appoint counsel for him and hold a hearing on the petition.

¶ 6　The postconviction court construed the habeas petition as a Crim. P. 35(c) motion and denied it as successive. The court also denied Lansky's requests for counsel and a hearing.

## II.　Standard of Review

¶ 7　We review de novo. *See People v. Taylor*, 2018 COA 175, ¶ 8.

## III.　Analysis

¶ 8　As an initial matter, the postconviction court properly construed Lansky's habeas petition as a Crim. P. 35(c) motion. A habeas corpus petition that seeks the type of relief available under Crim. P. 35 "should be treated as a Crim. P. 35 motion based upon the substantive constitutional issues raised therein, rather than

[upon] the label placed on the pleading." *DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) (quoting *White v. Denver Dist. Ct.*, 766 P.2d 632, 634 (Colo. 1988)).

¶ 9 Still, Lansky argues that he was entitled to raise his motion as a petition for writ of habeas corpus under section 13-45-101, C.R.S. 2024. But "[h]abeas corpus proceedings commenced pursuant to [section 13-45-101] are civil actions." *People v. Calyer*, 736 P.2d 1204, 1207 (Colo. 1987). "They are independent of any proceedings directly related to any underlying criminal charges." *Id.* "The proper respondent [in the civil case] is that person allegedly restraining the liberty of the petitioner, not the People of the State of Colorado." *Id.*

¶ 10 Here, Lansky improperly tried to use section 13-45-101 to challenge the validity of his convictions in his criminal case. Hence, the postconviction court correctly construed his petition as a Crim. P. 35(c) motion.

¶ 11 As the postconviction court ruled, Lansky's second Crim. P. 35(c) motion was successive. *See* Crim. P. 35(c)(3)(VI), (VII). Lansky's claims of trial court error and prosecutorial misconduct were raised, or could have been raised, in his direct appeal. *See id.*

Lansky's claims of ineffective assistance of his trial counsel were raised, or could have been raised, in his first Crim. P. 35(c) motion. *See id.* For the same reasons, Lansky's request that the postconviction court conduct a "forensic review" of his claims was also successive. The postconviction court, therefore, was required to deny the second Crim. P. 35(c) motion. *See id.* (providing that a district court "shall" deny a successive postconviction claim); *Martinez v. People*, 2024 CO 6M, ¶ 17 (recognizing that the word "shall" in a statute or rule is mandatory).

¶ 12 Further, Lansky's second Crim. P. 35(c) motion was time barred because he filed it thirteen years after the conclusion of his direct appeal — many years beyond the three-year deadline to file such a motion. *See* § 16-5-402(1), (1.5), C.R.S. 2024.[1]

¶ 13 Because Lansky's second Crim. P. 35(c) motion was successive and time barred, the postconviction court did not err by denying his request for postconviction counsel and a hearing on the motion. *See* Crim. P. 35(c)(3)(IV), (V); *People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003).

---

[1] Lansky did not allege any exception to the bars on successive and untimely claims. *See* Crim. P. 35(c)(3)(I), (VI), (VII).

## IV.    Conclusion

¶ 14     The order is affirmed.

JUDGE DUNN and JUDGE GOMEZ concur.